2011 UT App 395

**STATE of Utah, in the interest of J.J., a person under eighteen years of age.**

**M.J., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20110717–CA.**

Court of Appeals of Utah.

Nov. 17, 2011.

Jessica T. Taylor, Salt Lake City, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian ad Litem.

Before Judges ORME, THORNE, and VOROS.

DECISION

PER CURIAM:

¶1 M.J. (Mother) appeals the juvenile court's order terminating her parental rights in J.J. Mother asserts the evidence was insufficient to support termination. We affirm.

¶2 A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *See In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Additionally, a juvenile court has broad discretion regarding judgments, based on the juvenile court's specialized experience and training, as well as its ability to judge credibility firsthand. *See id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118.

¶3 Additionally, pursuant to Utah Code section 78A–6–507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A–6–507(1) (2008) (providing that the court may terminate all parental rights if it finds any one of the grounds listed); *In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support either of the grounds for termination found by the juvenile court, the termination of Mother's rights is appropriate.

■ ¶4 Under Utah Code section 78A–6–507(1)(d), parental rights may be terminated if a child is in an out-of-home placement under the supervision of the Division of Child and Family Services (DCFS), the parent has been unwilling or unable to remedy the circumstances that caused the child to be in such placement, and there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care in the near future. *See* Utah Code Ann.

§ 78A–6–507(1)(d). The evidence at trial was sufficient to support this ground for termination.

¶5 It is undisputed that J.J. was in a DCFS supervised out-of-home placement at the time of trial and had been in that placement since he was born. At trial, evidence supported that Mother had not remedied the circumstances leading to his removal at birth as a sibling at risk. Mother had previously relinquished her parental rights to five children whom she had abused and severely neglected. All of the five children had extreme and continuing mental health and emotional issues as a result of Mother's prior "pathological" parenting. Although Mother presented evidence that she had begun to address her own mental health issues, she continued to display a lack of insight into her responsibility for her children's neglect and continuing issues. Indeed, she minimized their experience and conduct. Mother's failure to acknowledge her role in her children's problems and her failure to internalize appropriate parenting skills would place J.J. at substantial risk if placed with Mother.

¶6 The juvenile court also found that Mother's housing and employment situations remained unstable. Mother lived in a friend's basement in a marginally stable environment. She had been employed in a full-time job for only three days before the final day of trial. Overall, Mother's lack of stability was supported by the evidence at trial. Moreover, because Mother remained unstable and had failed to address her parenting issues before trial, there was a substantial likelihood that she would not be able to effectively parent J.J. in the near future.

¶7 Mother asserts that the evidence was insufficient to find grounds for termination "in light of the evidence presented" regarding Mother's improvements in her own mental health issues and other progress since her last DCFS case. Although Mother's efforts and improvements are admirable, there was evidence presented at trial regarding her continued lack of stability and failure to accept responsibility that supported the juvenile court's findings. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶8 Mother also asserts that the evidence was insufficient to find that termination was in J.J.'s best interests. The record shows ample evidence supporting the juvenile court's decision. J.J. was bonded with his foster parents in the only home he had known. He was well cared for and his foster mother understood his unique medical needs. The foster parents were willing to adopt J.J. and provide him with a stable and permanent home. The juvenile court did not err in finding that termination of Mother's parental rights was in J.J.'s best interests.

¶9 Affirmed.