IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of A.E.F., a person under eighteen years of age. | ) ) ) | PER CURIAM DECISION |
| _____ | ) ) | Case No. 20120058-CA |
| S.F., | ) ) | F I L E D |
| Appellant, | ) ) | (March 29, 2012) |
| v. | ) ) | 2012 UT App 84 |
| State of Utah, | ) ) | |
| Appellee. | ) | |

-----

Third District Juvenile, Salt Lake Department, 1054197
The Honorable Charles D. Behrens

Attorneys:     Nicole Salazar-Hall, Salt Lake City, for Appellant
               Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee
               Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges McHugh, Davis, and Christiansen.

¶1     S.F. (Mother) appeals the termination of her parental rights in A.E.F.  We affirm.

¶2     Mother asserts that there was insufficient evidence to terminate her parental rights.  A juvenile court may terminate parental rights if the court finds that a parent has either abandoned a child, neglected a child, or is unfit or incompetent.  *See* Utah Code Ann. § 78A-6-507(1) (2008).  In order to overturn the juvenile court's decision on the sufficiency of the evidence, "[t]he result must be against the clear weight of the

evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. The juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and from such determinations, render findings of fact. *See In re L.M.*, 2001 UT App 314, ¶¶ 10-12, 37 P.3d 1188.

¶3     Mother asserts that there was insufficient evidence to support the juvenile court's determination that Mother neglected or abused her child, or that she was an unfit or incompetent parent. Mother also asserts that the juvenile court erred in reaching these findings given that she was not offered reunification services. Pursuant to section 78A-6-507(1), the finding of neglect, abuse, or that a parent is unfit is alone sufficient to warrant the termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1); *see also In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790. Section 78A-6-508(2) provides that in determining whether a parent is unfit, a court shall consider whether an emotional illness, mental illness, or mental deficiency of a parent renders the parent unable to care for the immediate and continuing physical or emotional needs of the child for extended periods of time. *See* Utah Code Ann. § 78A-6-508(2)(a) (Supp. 2011).

¶4     The record supports the juvenile court's determination that Mother suffers from mental illness that renders her unable to care for the immediate and continuing physical and emotional needs of A.E.F. for extended periods of time. Mother has a history of mental illness, and she admitted that she is not taking her medication, nor is she in treatment for her mental illness that poses a risk to A.E.F. Although Mother asserts that she should have been offered reunification services in A.E.F.'s case, "[r]eunification services are gratuity provided to parents by the Legislature, and [parties] thus have no constitutional right to receive these services." *In re N.R.*, 967 P.2d 951, 955-56 (Utah Ct. App. 1998). Furthermore, there is a statutory presumption that Mother was not entitled to reunification services because her parental rights to her other children were terminated. *See* Utah Code Ann. § 78A-6-312(21)(g). Mother fails to demonstrate that the juvenile court erred by determining that she was an unfit parent, or that she was entitled to reunification services.

¶5     Mother next asserts that there was insufficient evidence to support the juvenile court's determination that it was in A.E.F.'s best interests to terminate Mother's parental rights in light of Mother's love of A.E.F. and her willingness to be a better parent. If there are sufficient grounds to terminate parental rights, in order to actually do so, "the

court must [next] find that the best interests and welfare of the child are served by terminating the parents' parental rights." *In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118; *see also* Utah Code Ann. § 78A-6-506(3). Furthermore, "when a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶6      The juvenile court determined that Mother was an unfit parent who had substantially neglected, willfully refused, or had been unable or unwilling to remedy the circumstances that caused A.E.F. to be in an out-of-home placement. The juvenile court also determined that Mother suffers from untreated mental illness which renders her unable to care for the immediate and continuing physical or emotional needs of A.E.F., and that there is a substantial likelihood that Mother will not be capable of providing stability, protection, and proper parental care to A.E.F. in the near future. Conversely, A.E.F. has been residing in a legal risk placement where she has bonded with her legal risk parents and her needs are being met. The legal risk parents love A.E.F. and wish to adopt her. Mother fails to demonstrate that the juvenile court's determination that it is in A.E.F.'s best interests to terminate Mother's parental rights is against the clear weight of the evidence.

¶7      Accordingly, the juvenile court's order terminating Mother's parental rights is affirmed.


_____
Carolyn B. McHugh,
Presiding Judge


_____
James Z. Davis, Judge


_____
Michele M. Christiansen, Judge