IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of T.R., a person under eighteen years of age. | ) ) ) | PER CURIAM DECISION |
| _____ | ) ) | Case No. 20120187-CA |
| M.R., | ) ) | |
| Appellant, | ) ) | F I L E D (May 10, 2012) |
| v. | ) ) | 2012 UT App 143 |
| State of Utah, | ) ) | |
| Appellee. | ) | |

-----

Third District Juvenile, Salt Lake Department, 1046437
The Honorable James R. Michie

Attorneys:     Jessica T. Taylor, Salt Lake City, for Appellant
               Mark L. Shurtleff and Carol L.C. Verdoia, Salt Lake City, for Appellee
               Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges McHugh, Voros, and Davis.

¶1     M.R. (Mother) appeals the termination of her parental rights in T.R.  We affirm.

¶2     Mother asserts that there was insufficient evidence to support the numerous grounds the juvenile court found for terminating her parental rights.  A juvenile court's findings of fact will not be overturned unless they are clearly erroneous.  *See In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680.  A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the

evidence. *See id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118.

¶3 Mother does not specifically challenge the juvenile court's factual findings but rather asserts that the evidence did not support termination "in light of" evidence more favorable to her. In essence, she asks this court to reweigh the evidence and find that her compliance with drug treatment for a period of time outweighs other factors, such as her failure to maintain sobriety and failure to internalize the skills to be an appropriate parent. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. Because there is evidence supporting the juvenile court's factual findings and its determination of grounds for termination, this court cannot engage in the re-evaluation that Mother seeks.

¶4 Furthermore, even given Mother's time of sobriety during inpatient treatment, there was ample evidence to support the various grounds for termination. In particular, the evidence established that Mother had failed to remedy the circumstances that led to the out-of-home placement and that there was a substantial likelihood that she would not be capable of exercising proper and effective parental care in the near future. *See* Utah Code Ann. § 78A-6-507(1)(d) (2008). Even after extended treatment, when Mother had the opportunity for a trial placement with T.R., she regressed in her conduct and treatment, and failed to properly care for T.R. Although Mother made some progress in a highly structured setting, she did not internalize the lessons or skills to be able to maintain sobriety outside of that setting. Indeed, after leaving treatment, Mother tested positive for controlled substances again. The failed trial placement and Mother's relapse support, at the least, this ground for termination of Mother's parental rights. Any single ground for termination is sufficient to warrant the termination of parental rights. *See id.* § 78A-6-507(1); *In re D.H.*, 2009 UT App 32, ¶ 10, 204 P.3d 210.

¶5 Mother also asserts that there was insufficient evidence to show that termination of her parental rights was in T.R.'s best interests. Again, Mother does not specifically challenge any particular finding, nor does she indicate what may be lacking to meet the required showing. A review of the record establishes that there is ample evidence to support the finding that termination was in T.R.'s best interests. T.R. had been in the

same home for more than one year and had fully integrated into the family.  She was in a stable and loving situation where her needs were being met.  Particularly given her young age, freeing T.R. for adoption was in her best interests to allow her temporary situation to become permanent and ensure her stability.

¶6     Affirmed.


_____
Carolyn B. McHugh,
Presiding Judge


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
James Z. Davis, Judge