991 P.2d 1118 (1999)
1999 Utah Ct. App. 329
STATE of Utah, In the Interest of R.A.J., a person under eighteen years of age.
T.L.W. and S.K.J., Appellees,
v.
Office of the Guardian Ad Litem, Appellant.
No. 981752-CA.
Court of Appeals of Utah.
November 12, 1999.
Martha Pierce, Salt Lake City, and Jan Arrington, Layton, for Appellant.
*1119 Troy S. Rawlings, Bountiful, for Appellees. Richard N. Bigelow, Salt Lake City, for the Foster Parents.
Before WILKINS, P.J., and BENCH and DAVIS, JJ.

OPINION
WILKINS, Presiding Judge:
¶ 1 This is an appeal from the juvenile court's orders denying R.L.'s and M.L.'s (the foster parents) petition to terminate T.W.'s and S.K.J.'s parental rights to R.A.J., and denying motions to amend the judgment under Utah Rule of Civil Procedure 59(a)(6) and (7). We affirm.

BACKGROUND
¶ 2 The facts in this case are without dispute and can be summarized as follows:
¶ 3 T.W. and S.K.J. are the natural parents of R.A.J., born March 10, 1991. In May 1996, the Division of Child and Family Services (DCFS) removed R.A.J. after the mother left her and her brothers with the father, who subsequently abandoned them at a hobo camp. Following a shelter hearing, the court placed R.A.J. with the foster parents with whom she has lived ever since.
¶ 4 The foster parents then filed a petition to terminate T.W.'s and S.K.J.'s parental rights. The juvenile court held a hearing on the petition and entered its order on August 31, 1998. The court found that although separate grounds existed for the termination of each of the parents' parental rights,[1] the evidence presented by the foster parents was insufficient to establish that termination was in R.A.J.'s best interest. Simply put, the court ruled that the foster parents, as the moving party, failed in proving their case by clear and convincing evidence.[2] Consequently, the court denied the termination petition.
¶ 5 Thereafter, the foster parents and the child's Guardian Ad Litem (appellant) filed motions to amend the judgment under Rule 59 of the Utah Rules of Civil Procedure based on insufficiency of the evidence and that the disposition resulted in a legal error. The court denied these motions.[3] This appeal followed.

TERMINATION OF PARENTAL RIGHTS
¶ 6 The sole issue in this appeal is whether the juvenile court improperly denied the foster parents' termination of parental rights petition and the subsequent motions to amend this judgment. In reviewing a decision to grant or deny a termination petition, "[w]e will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." In re M.L., 965 P.2d 551, 559 (Utah Ct.App. 1998) (citation omitted). Moreover, we accord the juvenile court broad discretion to grant or deny a motion to amend judgment *1120 under Rule 59, and we assume the trial court properly exercised its discretion unless the record clearly shows the contrary. See In re J.P., 921 P.2d 1012, 1016 (Utah Ct.App.1996), cert. denied, 931 P.2d 146 (Utah 1997).
¶ 7 Utah law requires a court to make two distinct findings before terminating a parent-child relationship. See In re M.L., 965 P.2d at 561 n. 13. First, the court must find that "the parent is below some minimum threshold of fitness," such as finding that a parent is unfit or incompetent based on any of the grounds for termination under section 78-3a-407 of the Utah Code. Id. (citation omitted); see Utah Code Ann. §§ 78-3a-406(3)[4] and 78-3a-402(2)[5] (1996); In re S.T., 928 P.2d 393, 399 (Utah Ct.App.1996). Second, the court must find that the best interests and welfare of the child are served by terminating the parents' parental rights. See Utah Code Ann. §§ 78-3a-406(3) and 78-3a-402(2); see also In re M.L., 965 P.2d at 561 n. 13. A petitioner has the burden of establishing both of these elements by clear and convincing evidence. See Utah Code Ann. § 78-3a-406(3); see also In re D.G., 938 P.2d 298, 301 (Utah Ct.App.1997).
¶ 8 In this case, the juvenile court properly bifurcated the issues of parental unfitness and best interest of the child. Applying section 78-3a-406(3), the court found by clear and convincing evidence that separate grounds existed for the termination of each parent's parental rights. However, after reviewing the evidence regarding what was in the best interest of the child, the trial court concluded that the evidence presented by petitioners, the foster parents, was insufficient to establish that termination was in the child's best interest by the clear and convincing standard. Because this second element was not established, the court denied the termination petition.
¶ 9 Appellant, the child's Guardian Ad Litem, contends that the juvenile court improperly conducted the best interest analysis by applying the wrong standard to the evidence presented. Appellant describes this challenge to the trial court's rulings as four separate but interrelated issues: First, appellant contends that the trial court exceeded its permitted range of discretion in concluding that the facts presented did not compel a conclusion that the best interests of the child were served by termination of any relationship with her biological parents. Second, appellant challenges the trial court's reliance on its evaluation of whether or not visits by the child with her biological mother would hurt or benefit the child. Third, the appellant maintains that the trial court committed error by applying a legal presumption against termination. Finally, appellant alleges that the trial court based its denial of the petition to terminate on a mistaken view of the law that permanent custody would serve the child just as well as an adoptive placement.
¶ 10 We address these concerns in turn.

A. The trial court's permitted range of discretion

¶ 11 Under Utah law, a juvenile court judge has considerable discretion in weighing evidence presented pursuant to a petition to terminate parental rights. From that evidence, the trial judge is required to enter findings of fact, setting forth those facts the evidence has established to the requisite level of certainty imposed by the law. In a termination *1121 of parental rights case, that level of certainty is set forth by the Legislature in the Termination of Parental Rights Act as "clear and convincing." Utah Code Ann. § 78-3a-406(3) (1996).
¶ 12 It is, of course, the responsibility of the juvenile court judge to hear and consider the evidence presented by the parties to the action, and to weigh it. It falls exclusively on the judge to decide whether or not the evidence presented rises to the level of clear and convincing proof of the facts alleged. In reaching this determination, the trial judge is required to consider the quality and quantity of proof presented, and to arrive at a conclusion about whether or not it is sufficient. This evaluation is at the very heart of judging, and is the reason cases of this nature are tried to a judge. It is also the reason that society seeks men and women of good judgment and wisdom to serve as trial judges.
¶ 13 Consistent with this approach, appellate courts reviewing the factual determinations of trial courts are limited. We will reverse the decision of the trial judge on matters of fact only when "the evidence clearly preponderates against the findings... or [when] the court has abused its discretion." In re M.L., 965 P.2d at 559.
¶ 14 Appellant does not challenge the juvenile court's factual findings. Essentially, in eight thorough findings, the trial judge found the following regarding the best interest of the child, to be established by clear and convincing evidence: The child has done well in the care of the foster family; they love her and she loves them. She is happy there and both she and the foster parents wish her to stay long term. The child has not visited with her mother for more than a year, but the reasons are unclear.
¶ 15 In its findings, the trial court noted that although there was conflicting evidence presented as to the reasons why the child and her mother had not visited, the evidence was not clear that it was as a result of some failure by the mother. The court also noted that the petitioners had failed to present evidence as to how terminating the relationship between the child and her mother would improve the state of affairs then enjoyed by the child in the permanent custody of the foster parents.
¶ 16 The burden of proof on the issue of what is in the best interest of the child is upon the petitioner in a termination of parental rights case. The judge, having heard and considered the evidence presented, found that no meaningful facts relating to the best interest of the child had been presented. The court therefore concluded that the proof presented was insufficient to establish, by the clear and convincing standard, that it was in the best interest of the child to terminate the mother's parental rights at that time. The court proceeded to conclude that because the termination petition failed as a matter of law regarding the mother, it would not help the child to terminate the father's parental relationship with the child by which he would be relieved of any support obligation to the child, and declined to do so.
¶ 17 Given the unchallenged factual findings of the trial court, we see no error. The trial judge has applied his best judgment to the matter, as is his responsibility, and we cannot say with certainty that he is incorrect. As such, the trial court did not abuse its discretion.

B. Factors considered by the trial court

¶ 18 Appellant maintains that the court misapplied the law in conducting its best interest analysis by basing its refusal to terminate T.W.'s and S.K.J.'s parental rights on whether the child could "withstand visits" and what was "fair" to the parents rather than considering the applicable statutory factors in section 78-3a-409.
¶ 19 Section 78-3a-409 of the Utah Code, applicable in cases where a child is not in the physical custody of a parent, "requires courts, in determining whether parental rights should be terminated, to consider the reunification services offered; the children's physical, mental, and emotional conditions and needs; and the parent's efforts to change conduct, conditions, or circumstances to make it in their children's best interest to return home." In re S.T., 928 P.2d at 400.
¶ 20 The juvenile court properly considered the statutory factors under section *1122 § 78-3a-409 in conducting its best interest analysis. Although the juvenile court did not expressly refer to the statute when considering these factors, the court's findings adequately examine, among other things, the offered reunification services, the child's needs and condition, and the natural parents' efforts to adjust their conduct to enable the child to return home. Considering the potential effect on the child of visitation with her natural parents, among the other factors, is not error. We find no support for appellant's suggestion that this was the only, or even the most important factor considered by the trial court in reaching its decision about the best interest of the child. As such, we find no reversible error.

C. The presumption in favor of reunification

¶ 21 Next, appellant argues that the court misapplied the law in failing to presume, once it found grounds for termination, that termination was in the child's best interests. Again, we disagree. There is no such presumption in Utah.
¶ 22 If we were to adopt appellant's positionpresuming it is in a child's best interest to terminate his or her parents' rights upon a showing of facts regarding the behavior or qualifications of the parents sufficient to terminateit would make little sense to employ the two-step analysis required by Utah law. Both parts of the analysis are necessary, as required by the statutory arrangement adopted by the Utah Legislature, and both must be proven by those seeking termination of the parent-child relationship.

D. Permanent custody

¶ 23 We recognize the juvenile court's ruling in this case may be at odds with some policy concerns of Utah's child welfare laws. See In re J.P., 921 P.2d at 1019 (recognizing overriding policy of Utah's child welfare laws is to provide a child, whose parent has been unable to reunify, with a stable, permanent environment). Certainly, permanent guardianship does not offer the same degree of permanency as a termination of parental rights and adoption. See id. However, the foster parents' failure of proof left the trial court in a difficult position. The juvenile court was faced with circumstances under which the child could not be returned to either parent, but could not be placed for adoption. As poor a choice as it may have been, permanent guardianship of the foster parents was the only workable choice available to the court under these circumstances. Because the juvenile court acted within its discretion, its findings well supported on the record, we affirm its orders.

CONCLUSION
¶ 24 We conclude that the juvenile court properly considered the necessary factors in conducting its best interest analysis. The failure of the petitioners to present clear and convincing evidence that termination was in the best interest of the child prevents the juvenile court from terminating the parental rights of the natural parents under these facts. Moreover, the court did not err in failing to presume that, once it found grounds for termination, termination was in the child's best interest. We therefore affirm.
¶ 25 WE CONCUR: RUSSELL W. BENCH, Judge, and JAMES Z. DAVIS, Judge, concur.
NOTES
[1] Regarding the father, the court found that adequate grounds for termination existed based on neglect or abuse of the child; parental failure to remedy the circumstances; and failure of parental adjustment. See Utah Code Ann. § 78-3a-407(2), (4), (5) (1996). Regarding the mother, the court found that her failure to remedy the circumstances provided grounds to terminate. See id. § 78-3a-407(4).
[2] The court stated in relevant part:

The petitioners have failed to establish what [would be] a change for the better in [R.A.J.'s] life if her parents' rights were terminated; the evidence presented at trial was of the nature that would very strongly support granting permanent custody of [R.A.J.] to the [foster parents], something this court already granted over a year ago; however, the evidence does not support termination of parental rights of the mother.
Because the evidence is not sufficient to terminate the mother's parental rights, [R.A.J.] will not be eligible for adoption by the [foster parents], and therefore would not benefit in any way by termination of her father's parental rights....
[3] In denying these motions, the court reaffirmed its prior ruling, stating:

[T]he court was simply left with a dearth of information about this child's relationship with her mother. The burden of presenting such information and proving the case by clear and convincing evidence falls upon petitioners. Absent clear and convincing evidence that the relationship is a negative in the child's life and needs to be terminated, this Court cannot terminate parental rights. This court is not convinced that an error in law nor in the sufficiency of the evidence has occurred in this matter.
[4] This section provides, in part:

The court shall in all cases require the petitioner to establish the facts by clear and convincing evidence, and shall give full and careful consideration to all of the evidence presented with regard to the constitutional rights and claims of the parent and, if a parent is found, by reason of his conduct or condition, to be unfit or incompetent based upon any of the grounds for termination described in this part, the court shall then consider the welfare and best interest of the child of paramount importance in determining whether termination of parental rights shall be ordered.
Utah Code Ann. § 78-3a-406(3) (1996).
[5] This section reads in pertinent part:

[I]f a parent is found ... to be unfit or incompetent based upon any of the grounds for termination described in this part, the court shall then consider the welfare and best interest of the child of paramount importance in determining whether termination of parental rights shall be ordered.
Utah Code Ann. § 78-3a-402(2) (1996).