2011 UT App 180

**STATE of Utah, in the interest of J.R. and D.R., persons under eighteen years of age.**

**M.R., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20110156–CA.**

Court of Appeals of Utah.

June 3, 2011.

---

Jacob L. Linares, Tooele, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and ROTH.

## DECISION

PER CURIAM:

¶ 1 M.R. (Father) appeals the juvenile court's order adjudicating his children as abused or neglected. We affirm.

 ¶ 2 A juvenile court's legal conclusions are reviewed for correctness; however, the juvenile court has discretion when applying the law to specific facts. *See In re L.M.,* 2001 UT App 314, ¶ 12, 37 P.3d 1188. A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *See In re E.R.,* 2001 UT App 66, ¶ 11, 21 P.3d 680. Additionally, a juvenile court has broad discretion regarding judgments, based on the juvenile court's specialized experience and training, as well as the ability to judge credibility firsthand. *See id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly prepon-

derates against the findings as made or the court has abused its discretion." *In re R.A.J.,* 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.,* 2007 UT 82, ¶ 12, 171 P.3d 435.

 ¶ 3 Father asserts that the juvenile court erred in finding that he abused J.R. because his conduct was reasonable discipline and therefore excepted under Utah law. *See* Utah Code Ann. § 78A–6–105(1)(b)(i) (2008) (providing that reasonable discipline does not constitute abuse). "The issue of whether discipline was reasonable is a fact-dependent analysis that must take into account the various circumstances of the particular case." *K.Y. v. Division of Child and Family Serv.,* 2010 UT App 335, ¶ 25, 244 P.3d 399. Under the circumstances of this case, the juvenile court did not err in finding that Father's conduct was not reasonable discipline and, therefore, finding that J.R. was abused.

¶ 4 Abuse is defined under Utah statute as "nonaccidental harm of a child," or "threatened harm of a child." Utah Code Ann. § 78A–6–105(1)(a)(i)(ii). Harm includes physical or emotional injury or damage. *See id.* § 78A–6–105(19)(a). The juvenile court found J.R. to be both physically and emotionally abused by Father. Because emotional harm is abuse under the statute and sufficient to support an adjudication of abuse, *see id.,* we address only the finding of emotional abuse.

¶ 5 Several witnesses testified regarding Father's course of conduct of slapping J.R., calling her, her mother, and sisters vile names, accusing J.R. of sexual activity, and threatening J.R. with an exam to prove or disprove her virginity. Based on the pattern and context of Father's conduct, the juvenile court determined that Father's conduct was not reasonable discipline. The court found that Father's pattern of slapping J.R. was not a "good faith effort to maintain discipline," *see In re L.P.,* 1999 UT App 157, ¶ 8, 981 P.2d 848, but rather was done in anger. Additionally, as a long-term pattern of conduct, the physical contact was not a

reasonable means of discipline. Moreover, the accusations and name calling were not reasonable discipline.[1] Instead, the continual degrading accusations and name calling resulted in emotional damage to J.R. over the course of time to the point that J.R. had begun to harm herself. Accordingly, the juvenile court's determination that J.R. was emotionally abused by Father is well supported by the evidence.

¶ 6 Because the juvenile court did not err in finding that J.R. was abused, the finding that D.R. was neglected as a sibling at risk is also supported. *See* Utah Code Ann. § 78A–6–105(25)(a)(iv).

¶ 7 Affirmed.

---

1. Indeed, it is difficult to argue that such conduct is related to discipline at all.