2011 UT App 413

**State of Utah, in the interest of J.N., S.N., J.N., A.N., and J.N., persons under eighteen years of age.**

**H.N., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20110807–CA.**

Court of Appeals of Utah.

Dec. 8, 2011.

Brent Salazar–Hall, Salt Lake City, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian ad Litem.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 H.N. (Mother) appeals the termination of her parental rights in her five minor children. Mother asserts that there was insufficient evidence to support grounds for termination and to find that termination was in the children's best interests. We affirm.

¶ 2 A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *See In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Additionally, a juvenile court has broad discretion regarding judgments based on the juvenile court's specialized experience and training, as well as its ability to judge credibility firsthand. *See id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶ 3 Additionally, pursuant to Utah Code section 78A–6–507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A–6–507(1) (2008) (providing that the court may terminate all parental rights if it finds any one of the grounds listed); *In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support any of the grounds for termination found by the juvenile court, the termination of Mother's rights is appropriate.

¶ 4 The juvenile court found several grounds for termination of Mother's parental rights, including unfitness, *see* Utah Code Ann. § 78A–6–507(1)(c), and inability to remedy the circumstances leading to an out-of-home placement, *see id.* § 78A–6–507(1)(d). More specifically, under subsection (1)(d), parental rights may be terminated if a child is in an out-of-home placement under the supervision of the Division of Child and Family Services (DCFS), the parent has been unwilling or unable to remedy the circumstances that caused the child to be in such placement, and there is a substantial likelihood that the

parent will not be capable of exercising proper and effective parental care in the near future. *See id.* In this case, these two grounds are related and there is sufficient evidence to support both.

¶ 5 Under Utah Code section 78A–6–508(2), in determining whether a parent is unfit or incompetent, the juvenile court shall consider "mental illness or mental deficiency of the parent that renders the parent unable to care for the immediate and continuing physical or emotional needs of the child[ren] for extended periods of time." *Id.* § 78A–6–508(2)(a). At trial, sufficient evidence was presented to establish that Mother had both mental illness issues and cognitive deficiencies that rendered her unfit. Mother had been diagnosed with major depression and post-traumatic stress disorder. These mental health issues impaired her ability to properly parent her children, and Mother had neglected and emotionally abused her children for an extended period of time. Overall, the evidence is sufficient to find that Mother is an unfit parent.

 ¶ 6 Additionally, with the children in a DCFS supervised out-of-home placement, Mother has been unable to remedy the circumstances that led to the removal, and likely will not be able to provide proper care in the near future. Mother has suffered a traumatic brain injury and has cognitive deficiencies that limit her ability to learn appropriate parenting skills. Testimony at trial established that Mother would require full-time supervision for an extended period to even have a chance to learn new skills. Without supervision, any child placed with Mother would be at risk of further harm. Although the testimony was consistent that Mother could perform the more concrete parenting tasks such as providing food and clothing, the testimony also established that Mother was overwhelmed with parenting her children and would not be able to adapt in stressful or complex situations. Overall, based on Mother's mental illness and her cognitive deficiencies, Mother is unfit and is unable to remedy the circumstances leading to the removal of her children. Further, she is not likely to be able to provide appropriate care in the near future. In sum, there is sufficient evidence

to establish grounds for termination under subsections 78A–6–507(1)(c) and (d).

¶ 7 In addition, the evidence was sufficient to establish that termination was in the children's best interests. Four of the children had been in a placement for nine months and had integrated into that home. The foster mother desired to adopt them. They were in a stable environment and were well cared for. The evidence supports that termination is in their best interests to free them for adoption into a stable home. The fifth child was not in the same placement, but the evidence supported that termination was in her best interest also, to free her for possible adoption and to relieve her fear of Mother.

¶ 8 Mother asserts that the evidence was insufficient to establish grounds for termination and to support the children's best interests "in light of" some testimony favorable to Mother. However, this court cannot reweigh evidence where there is a foundation for the juvenile court's findings in the record. *See In re B.R.,* 2007 UT 82, ¶ 12, 171 P.3d 435.

¶ 9 Affirmed.