IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of R.B. and J.B., persons under eighteen years of age. | ) ) ) | MEMORANDUM DECISION |
| _____ | ) ) | Case No. 20110626-CA |
| S.B., | ) ) | F I L E D |
| Appellant, | ) ) | (February 9, 2012) |
| v. | ) ) | 2012 UT App 37 |
| State of Utah, | ) ) | |
| Appellee. | ) | |

-----

Third District Juvenile, West Jordan Department, 1035805
The Honorable Julie V. Lund

Attorneys:      Judith L.C. Ledkins, Salt Lake City, for Appellant
                Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee
                Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges Voros, Orme, and Davis.

DAVIS, Judge:

¶1      S.B. (Mother) appeals the juvenile court's termination of her parental rights in R.B. and J.B. (collectively, Children), arguing that the evidence was insufficient to support termination. We affirm.

¶2    The juvenile court found three separate grounds for termination:  (1) that Mother is "unfit or incompetent," *see* Utah Code Ann. § 78A-6-507(1)(c) (2008); (2) that Mother "substantially neglected, wilfully refused, or has been unable or unwilling to remedy the circumstances that cause[d Children] to be in an out-of-home placement" and "there is a substantial likelihood that [Mother] will not be capable of exercising proper and effective parental care in the near future," *see id.* § 78A-6-507(1)(d)(ii)-(iii); and (3) that Mother failed to make "parental adjustment,"[1] *see id.* § 78A-6-507(1)(e).

¶3    Mother contends that the evidence presented by the State was insufficient to support the juvenile court's findings.  "In determining whether to terminate the relationship between a parent and a child, a juvenile court must find the grounds for termination . . . by clear and convincing evidence."  *In re D.G.*, 938 P.2d 298, 301 (Utah Ct. App. 1997).  Such findings will be overturned on appeal "only if they are clearly erroneous."  *Id.* (internal quotation marks omitted).

¶4    Unfitness may be based on a variety of circumstances, including a parent's habitual substance abuse and "repeated or continuous failure" to appropriately care for and provide for the needs of her children.  *See* Utah Code Ann. § 78A-6-508(2)(c)-(d) (Supp. 2011).  Evidence at trial indicated that Mother had a long history of substance abuse; that she had no steady source of income and relied on her paramour for financial support; and that she had been "incarcerated at least three times in the past five years," in total approximately two and a half years or more than half of J.B.'s life, during which time she had been unable to care for Children and had left them in the care of their

---

1.  The parental adjustment ground for termination is generally based on the parent's failure to comply with the terms of a reunification plan.  *See, e.g.*, Utah Code Ann. § 78A-6-502(2) (2008) (providing that "failure of parental adjustment" occurs when the parent is "unable or unwilling within a reasonable time to substantially correct the circumstances, conduct, or conditions that led to placement of their child outside the home, *notwithstanding reasonable and appropriate efforts made by the Division of Child and Family Services to return the child to that home*" (emphasis added)); *In re G.D.*, 894 P.2d 1278, 1282 (Utah Ct. App. 1995) ("If a parent fails to comply substantially with a mutually agreed upon plan to reunite the child with the parent, that non-compliance is evidence of failure of parental adjustment." (footnote and internal quotation marks omitted)).  Thus, it does not seem to be the most appropriate ground for termination in a case such as this, where no reunification services were offered.  Nevertheless, because we conclude that the evidence is sufficient to support the other two grounds for termination, we need not further analyze the juvenile court's findings relating to this ground.

abusive father and other relatives. The juvenile court found that Mother was an unfit parent, explaining that her actions "indicate[d] a disregard for the welfare of [Children]," that Children "were subjected to several moves and a great deal of instability as a result of the[ir] parents' conduct," that Mother's "repeated incarcerations during the lives of [Children] have had a debilitating effect on their parent child relationship," and that Mother's recent attempts at improvement did not outweigh her history of unfitness. In light of the evidence, these findings were not clearly erroneous.

¶5 Although unfitness alone is sufficient to support termination, *see* Utah Code Ann. § 78A-6-507(1) ("The court may terminate all parental rights with respect to a parent if the court finds any one of the [grounds for termination]."), the evidence was also sufficient to support the juvenile court's finding that Mother had failed to remedy the circumstances leading to removal and was unlikely to do so in the future. Specifically, the fact that Mother had repeatedly been incarcerated during Children's lives, on at least one occasion due to her willful violation of probation, indicates an unwillingness to remedy the circumstances that led to Children's removal. Furthermore, Mother's "long history of unfitness" with respect to Children, coupled with the fact that she had previously relinquished her parental rights to two older children and had her rights terminated as to four others, suggests that it is unlikely she will be able to remedy those circumstances in the future. Despite her recent efforts to receive drug treatment and build a relationship with Children, we cannot say that it was clearly erroneous for the juvenile court to find that Mother had "displayed an unwillingness or inability to remedy the situations that led to [Children] being removed from her custody."

¶6 Apart from her general argument that the State failed to make out a prima facie case for termination, which we reject, Mother makes two additional arguments against the juvenile court's findings. First, Mother argues that the juvenile court erred by weighing her past conduct with respect to her older children against her present conduct toward Children. Our supreme court has previously held that "[i]n termination cases, the juvenile court must weigh a parent's past conduct with her present abilities." *In re B.R.*, 2007 UT 82, ¶ 13, 171 P.3d 435. However, Mother argues that this analysis should be limited to the history of Children and that the juvenile court should not have considered Mother's conduct with respect to her older children.

¶7 Generally, an analysis of a parent's actions with respect to other children not the subject of the petition will relate to neglect allegations based on "another minor in the same home" having been abused or neglected. *See, e.g., In re J.B.*, 2002 UT App 267, ¶¶ 17-18, 53 P.3d 958 (internal quotation marks omitted); *In re D.G.*, 938 P.2d at 302. However, we are not convinced that it would necessarily be inappropriate for the

juvenile court to have weighed Mother's entire parenting history, including her long history of unfitness with respect to her older children, against her present abilities, particularly in analyzing whether there was "a substantial likelihood that [she would] not be capable of exercising proper and effective parental care in the near future," *see* Utah Code Ann. § 78A-6-507(d)(iii) (2008). *See In re B.R.*, 2007 UT 82, ¶ 13 (explaining that in weighing a parent's past conduct against her present abilities, "the juvenile court [is required] to consider the totality of the evidence regarding [the parent]'s parenting"); *In re M.L.*, 965 P.2d 551, 561-62 (Utah Ct. App. 1998) (explaining, without explicit restriction to any particular time period, that the parent's present abilities should be weighed against "the amount of time during which the parent displayed an unwillingness or inability to improve his or her conduct" and the parent's "history of problems and failure to remedy").

¶8      In any event, the juvenile court's analysis of Mother's past conduct here focused primarily on her behavior toward Children rather than the older children. With respect to Mother's older children, the juvenile court found only that Mother "previously lost her parental rights to six other children and offered different explanations about how that occurred." Apparently finding an in-depth analysis of Mother's behavior toward the older children unnecessary to its determination, the juvenile court then continued with a discussion of Mother's specific behavior toward Children, most notably the fact that she had been incarcerated during a large portion of their lives, which led to Children being "subjected to several moves and a great deal of instability" and had "a debilitating effect on [Mother and Children's] parent child relationship." These findings had nothing to do with Mother's actions with respect to her older children. The court explained that it had weighed Mother's present abilities against her previous unfitness with respect to Children and ultimately concluded that Mother had "failed to consistently meet the needs of [Children]" and had failed to convincingly demonstrate that she would be capable of doing so in the future.

¶9      Next, Mother contends that the juvenile court inappropriately shifted the burden of proof to her by rejecting her testimony due to her lack of corroborating evidence, despite the fact that her testimony was uncontradicted. *See generally In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118 (explaining that it is the petitioner's burden in a termination case to establish both grounds for termination and that termination is in the best interest of the child by clear and convincing evidence). However, we have repeatedly recognized the juvenile court's prerogative to weigh evidence, deferring to both the juvenile court's "opportunity to judge credibility first hand" and its "special training, experience and interest in this field." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680 (internal quotation marks omitted). Mother testified that she had regular contact and good relationships with Children, had been sober for two years, had completed a

parenting program and substance abuse treatment while in prison, was attempting to get into drug counseling, was attending college and looking for a job, and was willing to do random urinalyses and comply with the court's orders. While this evidence was certainly indicative of Mother's efforts to remedy the circumstances that led to Children's removal, other evidence presented at trial was sufficient to support a prima facie case for termination. Thus, the juvenile court was entitled to weigh Mother's evidence against her history of unfitness. *See In re B.R.*, 2007 UT 82, ¶ 13. The juvenile court's rejection of Mother's testimony in the absence of corroborating evidence does not amount to placing the burden to prove fitness on Mother; rather, it merely reflects the juvenile court's judgment regarding the credibility of Mother's evidence when weighed against that presented by the State—a judgment the juvenile court was entitled to make. Because it is not our place to reweigh the evidence, *see id.* ¶ 12, and the evidence was sufficient to support the juvenile court's findings, we defer to the juvenile court's findings in support of termination, including its conclusion that Mother's testimony was insufficient to demonstrate that "she has made long lasting changes in her life" so as to remedy her past unfitness.

¶10    We determine that the juvenile court's findings regarding grounds for termination of Mother's parental rights were not clearly erroneous. Accordingly, we affirm.

_____
James Z. Davis, Judge

-----

¶11    WE CONCUR:

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

_____
Gregory K. Orme, Judge