IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of H.J. and J.J., persons under eighteen years of age. | ) ) ) | PER CURIAM DECISION |
| _____ | ) ) | Case No. 20120619-CA |
| S.J.H., | ) ) | F I L E D |
| | ) | (November 1, 2012) |
| Appellant, | ) | |
| v. | ) | 2012 UT App 310 |
| | ) | |
| State of Utah, | ) | |
| | ) | |
| Appellee. | ) | |

-----

Third District Juvenile, Salt Lake Department, 1054760
The Honorable C. Dane Nolan

Attorneys:    Julie George, Salt Lake City, for Appellant
             Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee
             Martha Pierce, Salt Lake City, Guardian Ad Litem

-----

Before Judges Orme, Thorne, and Roth.

¶1     S.J.H. (Mother) appeals the termination of her parental rights. Mother challenges the juvenile court's determination that she was an unfit or incompetent parent after the juvenile court declined to offer her reunification services. We affirm.

¶2     In order to overturn the juvenile court's decision as to the sufficiency of the evidence, "[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. The juvenile court is in the best position to weigh

conflicting testimony, to assess credibility, and from such determinations, render findings of fact. *See In re L.M.*, 2001 UT App 314, ¶¶ 10-12, 37 P.3d 1188. We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Furthermore, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3      Pursuant to section 78A-6-507(1), the finding of neglect, abuse, or that a parent is unfit or incompetent is alone sufficient to establish grounds for the possible termination of parental rights.[1] *See* Utah Code Ann. § 78A-6-507(1); *see also In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790. Section 78A-6-508(2) provides that in determining whether a parent is unfit, a court shall consider whether mental illness or habitual use of controlled substances render the parent unable to care for his or her children. *See* Utah Code Ann. § 78A-6-508(2)(LexisNexis Supp. 2011).

¶4      The record supports the juvenile court's determination that Mother was an unfit or incompetent parent. Mother has an extensive history of methamphetamine use. Mother continues to abuse illegal drugs despite having received opportunities for treatment. Mother used methamphetamine during her substance abuse program, which she failed to complete. Mother also declined to pursue more intensive drug treatment. In addition to her habitual use of controlled substances, Mother suffers from mental illness, which is heightened by her drug abuse. Mother's mental illness impairs her ability to be a proper parent. Mother also failed to maintain appropriate housing and secure full-time lawful employment. The record supports the juvenile court's determination that Mother is an unfit or incompetent parent.

¶5      Mother also asserts that the juvenile court erred by determining that Mother was

---

[1]Once grounds are established, the juvenile court must still consider whether termination is in the children's best interests. *See In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. In this appeal, Mother does not challenge the best interests determination.

unfit or incompetent after it declined to offer her reunification services. However, "[r]eunification services are gratuity provided to parents by the Legislature, and [parties] thus have no constitutional right to receive these services." *In re N.R.*, 967 P.2d 951, 955-56 (Utah Ct. App. 1998). A juvenile court has the discretion to grant or deny reunification services. *See* Utah Code Ann. § 78A-6-312(20). The juvenile court declined to offer Mother reunification services because Mother had failed to follow through with the Division of Child Welfare Services's (DCFS) prior efforts, and because Mother failed to meet DCFS service requirements. Mother fails to demonstrate that the juvenile court erred by determining that she was an unfit parent, or that the court abused its discretion by declining to offer reunification services.

¶6     Accordingly, the juvenile court's order terminating Mother's parental rights is affirmed.

_____
Gregory K. Orme, Judge

_____
Stephen L. Roth, Judge

-----

¶7     I CONCUR IN THE RESULT:

_____
William A. Thorne Jr., Judge