**2014 UT App 226**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF A.S. AND I.V., PERSONS UNDER
EIGHTEEN YEARS OF AGE.

F.V.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140338-CA
Filed September 25, 2014

Second District Juvenile Court, Ogden Department
The Honorable Jeffrey J. Noland
No. 1048751

Jason B. Richards, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before Judges JAMES Z. DAVIS, STEPHEN L. ROTH, AND
JOHN A. PEARCE.

PER CURIAM:

¶1     F.V. (Mother) appeals the juvenile court's order terminating
her parental rights in A.S. and I.V. We affirm.

¶2     Mother asserts that there was insufficient evidence to
support the termination of her parental rights, and that the juvenile
court erred by terminating her reunification services. "[I]n order to
overturn the juvenile court's decision, the result must be against

the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3     The juvenile court determined that there were multiple grounds supporting the termination of Mother's parental rights. Pursuant to Utah Code section 78A-6-507, the finding of a single enumerated ground will support the termination of parental rights. *See* Utah Code Ann. § 78A-6-507 (LexisNexis 2012). Therefore, it is sufficient if the evidence supports any of the grounds for termination found by the juvenile court. In this case, the juvenile court determined that Mother is an unfit parent under Utah Code section 78A-6-507(1)(c). In determining whether a parent is unfit, the juvenile court shall consider the habitual or excessive use of controlled substances, or dangerous drugs, that renders the parent unable to care for a child. *See* Utah Code Ann. § 78A-6-508(2)(c).

¶4     The record supports the juvenile court's determination that Mother is an unfit parent. Mother has an extensive history of substance abuse. At the time of the termination trial, Mother had not successfully completed a substance abuse program to address her drug use. Mother was discharged from substance abuse programs after she missed long periods of treatment, or she simply stopped attending her treatment program. Mother was required to participate in drug testing, but she missed the majority of her drug tests, and she also continued to test positive for illicit drugs. Mother fails to demonstrate that the juvenile court erred by determining that she is an unfit parent. Because finding any single ground under Utah Code section 78A-6-507 is sufficient to terminate

parental rights, we do not address Mother's additional challenges to the alternative grounds supporting the termination of her parental rights.

¶5      Mother next asserts that there was insufficient evidence to support the juvenile court's determination that it was in the children's best interests to terminate her parental rights. If the juvenile court determines that there are sufficient grounds to terminate parental rights, in order to actually do so, the court must next find that the best interests and welfare of the child are served by terminating the parent's parental rights. *See In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. Furthermore, "when a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶6      In conducting the best interest analysis, the juvenile court determined that Mother has an extensive history of substance abuse, which renders her to be an unfit parent. The juvenile court found that A.S. has special therapeutic needs, which have resulted from Mother's choices. These therapeutic needs necessitate that A.S. live in a structured, safe environment. In the children's current foster placement, the children are loved, and they receive the structured, safe environment that they require. The children's foster parents are committed to caring for the children's needs. Mother fails to demonstrate that the juvenile court erred by determining it was in the children's best interests to terminate her parental rights.

¶7      Mother next asserts that the juvenile court erred by terminating reunification services without making sufficient findings under Utah Code section 78A-6-314(2). Section 78A-6-314(2) provides that when reunification services were ordered, at the permanency hearing, the juvenile court shall determine whether the child may safely be returned to the custody of the parent. *See* Utah Code Ann. § 78A-6-314(2). A child may not be returned to a parent if the juvenile court finds, by a preponderance

of the evidence, that return of the child to the parent would create a substantial risk of detriment to the minor's physical or emotional well-being. *See id.* § 78A-6-314(2)(b). Prima facie evidence that return of the minor to a parent would create a substantial risk of detriment to the child is established if the parent fails to comply with a child and family plan, in whole or part, or fails to meet the goals of a court approved child and family plan. *See id.* § 78A-6-314(2)(c). With regard to Mother's assertion that the trial court failed to make explicit findings prior to terminating further reunification services, a trial court's failure to make explicit findings supporting its decision does not, alone, warrant reversal so long as the basis for the trial court's ruling is readily apparent from the record. *See generally State v. Ruiz*, 2012 UT 29, ¶ 24, 282 P.3d 998. Although the juvenile court did not make explicit findings pertaining to each element set forth in Utah Code section 78A-6-314(2), it is readily apparent from the record that the juvenile court considered the appropriate statutory factors prior to terminating Mother's reunification services.

¶8      Mother next asserts that the juvenile court erred by taking judicial notice of its earlier status adjudications. A trial court may take judicial notice on its own at any stage of a proceeding. *See* Utah R. Evid. P. 201(c). A trial court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* This court has previously determined that a juvenile court may rely upon previously adjudicated facts in child welfare proceedings. *See In re J.B.,* 2002 UT App 267, ¶ 17, 53 P.3d 958. The record demonstrates that the Guardian ad Litem moved the juvenile court to take judicial notice of its prior findings and orders, and that the juvenile court did so. Mother fails to demonstrate that the juvenile court erred by taking judicial notice of its prior adjudicative facts.

¶9      Lastly, Mother asserts that the juvenile court erred when it admitted the Division of Child and Family Services's (DCFS) case logs as an exhibit. Specifically, Mother argues that DCFS's activity logs contained hearsay statements or lacked adequate foundation.

However, the record indicates that the juvenile court specifically acknowledged that portions of the activity logs may present evidentiary issues, such as hearsay. The juvenile court ruled that it would not consider any information contained in the logs unless such statements were corroborated by independent, reliable sources. Mother fails to demonstrate that the juvenile court erred by admitting DCFS's activity logs.

¶10    Affirmed.

—————