**2015 UT App 141**

## THE UTAH COURT OF APPEALS

IN THE INTEREST OF B.K. AND A.K.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

J.K.,
Appellant,
*v.*
A.P.,
Appellee.

Per Curiam Decision
No. 20150306-CA
Filed June 4, 2015

Third District Juvenile Court, Salt Lake Department
The Honorable Kimberly K. Hornak
No. 1097252

Miesha Redmond and Kevin Mark Kemp, Attorneys
for Appellant

Russell W. Hartvigsen and Levi H. Cazier, Attorney
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR.,
and JOHN A. PEARCE.

PER CURIAM:

¶1    J.K. (Father) appeals the juvenile court's order terminating his parental rights in B.K. and A.K. We affirm.

¶2    Father asserts that the evidence was insufficient to support grounds for terminating his parental rights. A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of

the evidence. *Id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.,* 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.,* 2007 UT 82, ¶ 12, 171 P.3d 435.

¶3     Pursuant to Utah Code section 78A-6-507, the finding of any single ground listed is sufficient to warrant termination of parental rights. Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012); *In re F.C. III,* 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single statutory ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support any one of the grounds for termination found by the juvenile court, the termination of Father's rights is appropriate.[1]

¶4     Under section 78A-6-507(1)(a), a juvenile court may terminate a parent's rights if the court finds that the parent abandoned the child. "It is prima facie evidence of abandonment that the parent . . . [has] failed to communicate with the child by mail, telephone, or otherwise for six months, [or has] failed to have shown the normal interest of a natural parent, without just cause." Utah Code Ann. § 78A-6-508(1)(b), (c) (LexisNexis 2012). Here, the evidence established that Father failed to communicate with the children for intervals of longer than six months at multiple points over the course of the children's lives. Even if the

---

1. Termination is appropriate if any single ground is supported and the juvenile court also finds that termination is in the child's best interests. Utah Code Ann. § 78A-6-503(12) (LexisNexis 2012). In this case, the juvenile court found that termination was in the children's best interest. Father has not challenged the juvenile court's finding regarding best interests, instead limiting his appeal to a challenge of the grounds for termination.

paternity action filed by Father in 2010 is considered to restart the clock because he showed some interest at that time, Father then failed to prosecute the action and again failed to communicate with his children for more than two years. Furthermore, the evidence showed that over the course of many years, Father failed to provide anything more than token support for the children. Accordingly, the evidence was sufficient to establish that Father abandoned his children.

¶5     Father argues that his incarceration and the limitations of a protective order prevented him from contacting his children. Although incarceration is not itself a reason to terminate parental rights, it "is also not a complete excuse for the parent's failure to communicate with his . . . children." *In re M.C.*, 940 P.2d 1229, 1234 (Utah Ct. App. 1997). Father was able to send letters or make phone calls while in prison, but he did not attempt to write to or call the children. Testimony at trial showed that Father was not prohibited from contacting the children under the protective order; the children's mother was the subject of the order. Moreover, the court considering the paternity action ordered visitation with the children and ordered the mother to cooperate with that contact. Father had exercised visitation with the children before entering prison and while the protective order was in place. Accordingly, it appears that Father understood that contact with the children was permitted. Finally, the juvenile court found Father's testimony regarding the protective order and his failure to contact the children not credible. In sum, although Father's incarceration may have made contacting the children more difficult, Father's failure to maintain any contact with his children was his own responsibility.

¶6     Because the evidence was sufficient to support the juvenile court's finding that Father abandoned the children, this court need not address the remaining grounds for termination. The juvenile court's order terminating Father's parental rights is affirmed.

_____