**2015 UT App 256**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF D.B. AND L.B.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

B.C.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150567-CA
Filed October 16, 2015

Third District Juvenile Court, West Jordan Department
The Honorable Renee M. Jimenez
No. 1095982

Joseph Lee Nemelka, Attorney for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1      B.C. (Mother) appeals the juvenile court's order terminating her parental rights in her children, D.B. and L.B. We affirm.

¶2      Mother asserts that the evidence presented at trial was insufficient to support the juvenile court's termination of her parental rights or to support its finding that termination was in the children's best interests. She also asserts that the evidence

was insufficient to support the juvenile court's finding that she had not substantially complied with her service plan. A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶3　　Mother's own testimony provided ample support for the juvenile court's determination that multiple grounds for termination of Mother's parental rights existed. To her credit, Mother had refrained from using drugs for about six months before trial. However, Mother had graduated from a drug treatment program only four days before trial and had not established that she could remain sober outside of a highly structured setting. Additionally, Mother acknowledged that she would require more time to "get [her] feet on the ground" before she would be capable of taking care of her children. She would have to find a job and a housing situation appropriate for her children.[1]

¶4　　Mother testified that she had a long history of drug use and had been actively using drugs for the whole of her children's lives. When the children were removed because of

---

1. Mother's housing situation at the time of trial was transitional housing intended to further support her sobriety but was not suitable for children.

Mother's drug use, she did not immediately engage in rehabilitative efforts that would lead to reunification with her children. Instead, Mother continued to use drugs, skipped drug testing because she knew she would test positive, entered and then was terminated from two treatment programs, and generally failed to comply with the service plan. It was not until November 2014 that Mother started working toward sobriety, which was only a few months before the permanency hearing in January 2015.

¶5 Mother's admitted long-term drug use is evidence of her unfitness. *See* Utah Code Ann. § 78A-6-508(2)(c) (LexisNexis 2012). The children were removed from Mother's custody due to her drug use, and she failed to remedy the circumstances that led to the children's removal because she delayed so long in pursuing treatment. At trial, Mother's own testimony established that she would not be able to take care of her children in the near future. Accordingly, the evidence presented at trial supported grounds for termination under Utah Code section 78A-6-507(1)(c), unfitness, and subsection 507(1)(d), failure to remedy the circumstances causing the children to be in an out-of-home placement.

¶6 Mother asserts that the juvenile court erred in finding that she had not substantially complied with the requirements of her service plan. Mother ultimately followed the recommendation to obtain drug treatment, but she did so only after a long delay. Even though she may have been sober at the time of trial, Mother did not have a job or stable housing of her own that was appropriate for the children. Moreover, Mother had not established that she could remain sober or stable. Mother had ignored the service plan's requirements for several months, leaving her little time to address them when she finally engaged in services. Overall, the evidence is sufficient to support the finding that Mother had not substantially complied with the service plan.

¶7 Mother also asserts that there was insufficient evidence to support the juvenile court's finding that termination of her parental rights was in the children's best interests. Evidence of unfitness may be probative of both prongs of the termination analysis—grounds for termination and best interests of the child. *In re J.D.*, 2011 UT App 184, ¶ 12, 257 P.3d 1062. Additionally, evaluating the best interests of the children "includes consideration of the impact of termination on the child." *Id.* Here, the evidence established that the children were thriving in a stable and structured family setting. The older child's educational, mental, and social issues had largely resolved since he had been in his new home. The younger child was so young when she had been removed from Mother's custody that she was fully integrated into her foster family. The evidence supported the juvenile court's finding that freeing the children for adoption and providing them the opportunity to remain in a stable and safe family setting was in their best interests.

¶8 Affirmed.

———————