**2015 UT App 296**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF C.O., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

J.O.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150716-CA
Filed December 17, 2015

Third District Juvenile Court, West Jordan Department
The Honorable Elizabeth A. Lindsley
No. 1079339

Judith L.C. Ledkins, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JOHN A. PEARCE.

PER CURIAM:

¶1     J.O. (Mother) appeals the termination of her parental
rights in her daughter, C.O. Mother asserts that there was
insufficient evidence presented at trial to support the juvenile
court's findings and conclusions. We affirm.

¶2     A juvenile court's findings of fact will not be overturned
unless they are clearly erroneous. *In re E.R.*, 2001 UT App 66,
¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only

when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶3 Mother first asserts that the evidence was insufficient to support the juvenile court's termination of her parental rights. The juvenile court found multiple grounds for termination under Utah Code section 78A-6-507. A finding of any single ground is sufficient to support termination of parental rights. Utah Code Ann. § 78A-6-507(1) (LexisNexis Supp. 2015) (providing that the juvenile court may terminate parental rights "if the court finds any one of the [enumerated]" grounds for termination).

¶4 The evidence established that Mother was unfit and that she had failed to remedy the circumstances that led to C.O.'s removal. *See id.* § 78A-6-507(1)(c), (d). Although C.O. had been removed due to domestic violence concerns, Mother had resumed her relationship with C.O.'s father, who was again living with Mother. He had relinquished his own parental rights and was prohibited from having contact with C.O. This court has held that maintaining a relationship with an abusive spouse jeopardizes a child's safety. *See In re T.M.*, 2006 UT App 435, ¶ 20, 147 P.3d 529. Mother's renewed relationship with C.O.'s father indicates that she does not recognize the relationship as dangerous to herself and C.O. and shows that Mother is not capable of protecting C.O. *See id.* The evidence supports the juvenile court's finding that Mother failed to remedy the circumstances leading to C.O.'s removal.

¶5    Additionally, despite Mother's efforts to improve her parenting, the evidence supported the juvenile court's finding that she was unfit. Although Mother had progressed early in the case, she was unable to maintain a level of appropriate parenting and did not internalize the lessons and modeling provided to her. She did not recognize C.O.'s emotional and developmental needs. Mother's mental health issues also had manifested again, leading to emotional disregulation and a possibility of harm to C.O. Overall, even though Mother had made efforts to address her parenting deficiencies, the evidence supports the juvenile court's finding that she was unfit.

¶6    Mother also asserts that the evidence was insufficient to support a finding that terminating her parental rights was in C.O.'s best interests. C.O. was very young when she was removed from Mother's care and has spent most of her life with her foster family. She is integrated into the family, and her needs are being met. Thus, the juvenile court's finding that it was in C.O.'s best interests to terminate Mother's parental rights so that C.O. could be adopted into her foster family and be given the permanency and stability that she needs is amply supported by the evidence.

¶7    Mother also asserts that the evidence was insufficient to support the juvenile court's finding that the Division of Child and Family Services (DCFS) made reasonable efforts to provide reunification services to Mother. DCFS provides reasonable services if it makes a fair and serious attempt to reunify a parent and child prior to seeking to terminate parental rights. *In re A.C.*, 2004 UT App 255, ¶ 14, 97 P.3d 706. A juvenile court is in the best position to evaluate "whether the services were properly tailored to remedy the specific problems" identified. *Id.* ¶ 12. Here, the evidence was sufficient to support the juvenile court's determination that DCFS provided reasonable services to Mother. In particular, DCFS tailored the services to the issues identified and to give Mother the best opportunity to succeed.

Classroom components were minimized, and Mother was provided more hands-on instruction and modeling, which gave her opportunities to observe and to practice parenting skills. Accordingly, the juvenile court did not err in determining that DCFS had provided reasonable reunification services to Mother.

¶8    Affirmed.

_____