**2017 UT App 167**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF J.S.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

J.R.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20170449-CA
Filed September 8, 2017

Seventh District Juvenile Court, Price Department
The Honorable Craig M. Bunnell
No. 1117628

W. Andrew McCullough, Attorney for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES MICHELE M. CHRISTIANSEN, JILL M. POHLMAN, and
DIANA HAGEN.

PER CURIAM:

¶1    J.R. (Mother) appeals the termination of her parental rights. Mother asserts that there was insufficient evidence to support the grounds for terminating her parental rights, and that the juvenile court did not give appropriate weight to her fundamental liberty interest in the care, custody, and management of her child. We affirm.

¶2    "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights,] 'the result must be against

the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* (citations omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3    The juvenile court found several grounds supporting the termination of Mother's parental rights. Although Mother challenges the juvenile court's subsidiary findings that she failed to exhibit the normal interest of a natural parent without just cause, and that she failed to provide a stable environment for the child where he was loved and protected, Mother's failure to challenge all of the grounds for termination identified by the juvenile court, renders her challenges irrelevant. The finding of a single enumerated ground set forth in Utah Code section 78A-6-507 is alone sufficient to support the termination of parental rights. *See* Utah Code Ann. § 78A-6-507 (LexisNexis 2012). Therefore, this court will affirm the termination of parental rights if the record supports any of the grounds identified by the juvenile court for terminating Mother's parental rights.

¶4    The juvenile court found that Mother neglected and abused J.S.. *See id.* § 78A-6-507(1)(b). The juvenile court also found that Mother was an unfit or incompetent parent. *See id.* § 78A-6-507(1). Additionally, the juvenile court determined that (1) the child had been in an out-of-home placement under the

supervision of the juvenile court and the Division of Child and Family Services (DCFS), (2) Mother "substantially neglected, willfully refused, or [has] been unable or unwilling to remedy the circumstances that caused the child[] to be in an out-of-home placement," and (3) "there is a substantial likelihood that [Mother] will not be capable of exercising proper and effective parental care in the near future." *See id.* § 78A-6-507(1)(d).

¶5      In determining whether a parent is unfit or has neglected a child, the juvenile court shall consider a parent's habitual or excessive use of intoxicating liquors, controlled substances, or dangerous drugs that renders the parent unable to care for the child. *See id.* § 78A-6-508(2)(c). This court has previously affirmed the termination of parental rights for methamphetamine use after the court concluded that "use of methamphetamines is totally, completely inconsistent with responsible parenting." *In re S.Y.*, 2003 UT App 66, ¶ 20, 66 P.3d 601.

¶6      The record demonstrates that Mother has an extensive history of drug addiction involving methamphetamine and marijuana. The juvenile court determined that Mother had ample opportunities to address her drug addiction, but that she failed to do so. The juvenile court found that Mother's efforts "do not even come close to what would be necessary to return the child to [her] care." Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order finding that Mother severely neglected J.S. and was an unfit parent. *See In re B.R.*, 2007 UT 82, ¶ 12. Furthermore, because the record supports the determination that Mother is unfit and neglected her child due to her habitual drug use, we need not address Mother's alternative challenges to the other grounds supporting the termination of her parental rights. *See* Utah Code Ann. § 78A-6-507(1).

¶7      Mother next asserts that the juvenile court failed to give appropriate weight to her fundamental liberty interest in the

care, custody, and management of her child. Utah law recognizes that parents have a fundamental liberty interest in the care, custody, and management of their children. *See In re S.F.*, 2012 UT App 10, ¶ 29, 268 P.3d 831. However, the state retains a compelling interest in protecting children from abuse and neglect. *See In re S.A.*, 2001 UT App 307, ¶ 25, 37 P.3d 1166. Notwithstanding a parent's fundamental liberty interest in the custody, care, and management of his or her child, a parent shown by clear and convincing evidence to be unfit can be permanently deprived of all parental rights. *See In re J.P.*, 648 P.2d 1364, 1377 (Utah 1982). Recently, this court observed that "parental rights, although fundamental and constitutionally protected, are not absolute, and the State has a moral and statutory obligation to step in and protect children when those children are suffering from neglect or abuse." *In re C.C.*, 2017 UT App 134, ¶ 46. (Christiansen, J., concurring). Because the record contains ample evidence that Mother was unfit and neglected her child, the juvenile court properly concluded that there was a compelling interest in terminating Mother's parental rights. *See id.*

¶8     Finally, if the juvenile court determines that there are sufficient grounds to terminate parental rights, the juvenile court must next find that the best interests and welfare of the child are served by terminating the parent's parental rights. *See In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. Although Mother does not challenge the juvenile court's determination that it was in the child's best interest to terminate her parental rights, the record supports the juvenile court's determination that it was in the child's best interest to do so. Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order terminating Mother's parental rights. *See In re B.R.*, 2007 UT 82, ¶ 12.

¶9     Affirmed.

————————