IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of I.G., J.C. and F.B., persons under eighteen years of age. _____ <br><br> T.H., <br><br>      Appellant, <br><br> v. <br><br> State of Utah, <br><br>      Appellee. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | PER CURIAM DECISION <br><br> Case No. 20120757-CA <br><br><br> F I L E D <br> (November 8, 2012) <br><br> 2012 UT App 318 |

-----

Third District Juvenile, Salt Lake Department, 1051207
The Honorable Kimberly K. Hornak

Attorneys:    Sheleigh A. Harding, Salt Lake City, for Appellant
                 Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee
                 Martha Pierce, Salt Lake City, Guardian Ad Litem

-----

Before Judges Orme, Thorne, and Roth.

¶1     T.H. (Mother) appeals the juvenile court's order terminating her parental rights in her children. We affirm.

¶2     Mother asserts there was insufficient evidence to support grounds for terminating her parental rights and to establish that termination was in the best interests of the children. A juvenile court's findings of fact will not be overturned

unless they are clearly erroneous. *See In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶3     Additionally, pursuant to Utah Code section 78A-6-507, the finding of any single ground is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2008) (providing the court may terminate parental rights if it finds any one of grounds listed); *In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support any one of the grounds for termination found by the juvenile court, the termination of Mother's rights is appropriate.

¶4     Mother asserts that she made sufficient progress in her treatment to preclude terminating her parental rights. The record shows that, indeed, Mother put forth serious effort and made admirable strides in improving her emotional regulation and parenting skills. However, the record also shows that Mother requires continued treatment and that returning the children to her would put them at risk based on Mother's long history of problems and the difficulty she continued to display even in a controlled setting.

¶5     "In termination cases, the juvenile court must weigh a parent's past conduct with her present abilities." *See In re B.R.*, 2007 UT 82, ¶ 13. Mother's past conduct included extensive drug use, instability, abusive relationships, and mental illness. Although Mother participated in intensive treatment for several months, she did not finish the treatment program after a positive drug test resulted in the termination of services. Mother tried to explain away the positive test by denying that she used drugs but admitting that she was around others who did. However, regardless of whether Mother used again or chose to be around other people using drugs, the positive test demonstrated a serious error in judgment. Also, due to the severity of her issues, Mother required further treatment and continued to struggle with the same issues even if some improvement had been made. Furthermore, Mother did not reach the point of receiving unsupervised visits with her children. Even in a structured environment, Mother continued to have difficulty taking care of the children appropriately,

particularly when she was with more than one child at a time. Mother did not demonstrate a "present ability" to parent her children, especially when considering her past conduct and the danger in which the children were placed as a result.

¶6    Overall, the record supports that termination of Mother's parental rights was appropriate under Utah Code section 78A-6-507(1)(d). Despite Mother's efforts, she has not shown that she will be in a position to parent the children in the near future. The children were in an out-of-home placement under Division of Child and Family Services supervision; Mother has been unable or unwilling to remedy the circumstances that caused the out-of-home placement; and there is a substantial likelihood that she will not be capable of exercising proper and effective parental care in the near future. *See* Utah Code Ann. § 78A-6-507(1)(d).

¶7    Mother also argues that termination was not in the children's best interests because they were not in a final placement for adoption at the time of trial. It is well established that an adoptive placement is not required prior to terminating a parent's rights. The lack of an adoptive placement may be considered in determining best interests in a termination proceeding, but it is not controlling. *See In re J.D.*, 2011 UT App 184, ¶ 23, 257 P.3d 1062. In this case, although the final placement of the children was not yet ascertained, the evidence was sufficient to support that termination of Mother's parental rights was in their best interests. Termination of Mother's parental rights at least permitted the opportunity for a final placement and stability for the children.

¶8    Affirmed.


_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge


_____
Stephen L. Roth, Judge