**2013 UT App 80**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF J.J. AND J.A.
PERSONS UNDER EIGHTEEN YEARS OF AGE.

A.A.,

*Appellant,*

*v.*

STATE OF UTAH,

*Appellee.*

Per Curiam Decision
No. 20130018-CA
Filed March 28, 2013

Third District Juvenile, Salt Lake Department
The Honorable Charles D. Behrens
No. 1059540

Nicole A. Salazar-Hall, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES DAVIS, VOROS, AND CHRISTIANSEN.

PER CURIAM:

¶1     A.A. (Mother) appeals the juvenile court's December 14, 2012 order terminating her parental rights. We affirm.

¶2     Mother asserts that there was insufficient evidence to support the juvenile court's determination that she neglected her children, that she was an unfit or incompetent parent, or that she

experienced a failure of parental adjustment. A juvenile court may terminate parental rights if the court finds a single factor enumerated in Utah Code section 78A-6-507(1). *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012). In order to overturn the juvenile court's decision as to the sufficiency of the evidence, "[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. The juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and from such determinations, render findings of fact. *See In re L.M.*, 2001 UT App 314, ¶¶ 10-12, 37 P.3d 1188. We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Furthermore, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3      The juvenile court determined that Mother experienced a failure of parental adjustment after the Division made reasonable efforts to return the children to her, and that she was unable or unwilling to substantially correct the conduct or conditions which led to the children's placement outside of the home. A juvenile court may terminate the parental rights of a parent if the court finds a failure of parental adjustment. *See* Utah Code Ann. § 78A-6-507(1)(e). A juvenile court may also terminate parental rights if a parent has been unable to remedy the circumstances that caused the children to be in an out-of-home placement, and there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care in the near future. *See id.* § 78A-6-507(d).

¶4    The record supports the juvenile court's determination that Mother experienced a failure of parental adjustment and that she was unable to substantially correct the conduct or conditions which led to her children's placement outside of the home. The record demonstrates that Mother was unable to retain and internalize the skills that she was taught in therapy and, although Mother loves her children, she remained unable to provide the safety and protection that the children require. Mother fails to demonstrate that the juvenile court erred by determining that Mother experienced a failure of parental adjustment or that she was unable to remedy the circumstances that caused the children to be in an out-of-home placement as set forth in Utah Code section 78A-6-507(d).

¶5    Mother next asserts that there was insufficient evidence to support the juvenile court's determination that it was in the children's best interests to terminate Mother's parental rights. If there are sufficient grounds to terminate parental rights, in order to actually do so, "the court must [next] find that the best interests and welfare of the child are served by terminating the parents' parental rights." *In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118; *see also* Utah Code Ann. § 78A-6-506(3). Furthermore, "when a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶6    The juvenile court determined that Mother experienced a failure of parental adjustment and that she was unable to substantially correct the conduct or conditions that led to placement of her children outside the home. Thus, there were sufficient grounds to terminate Mother's parental rights. *See* Utah Code Ann. § 78A-6-507(1)(e). The juvenile court also determined that the children are bonded with their foster parents and the children's needs are being met. The children have a strong bond with each other and they are able to remain together in a foster home that loves and cares for them. Mother fails to demonstrate

that the juvenile court's determination that it is in the children's best interests to terminate Mother's parental rights is against the clear weight of the evidence.

¶7     Accordingly, the juvenile court's order is affirmed.

――――――