**2013 UT App 211**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF G.P. AND S.P.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

R.P.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20130347-CA
Filed August 29, 2013

Second District Juvenile, Ogden Department
The Honorable Michelle E. Heward
No. 1027272

Lyle W. Hillyard and A. Jase Allen, Attorneys for
Appellant
John E. Swallow and John M. Peterson, Attorneys
for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES THORNE, VOROS, and CHRISTIANSEN.

PER CURIAM:

¶1    R.P. (Mother) appeals the termination of her parental rights in her children, G.P. and S.P. We affirm.

¶2    Mother argues that there was insufficient evidence to support the juvenile court's conclusion that termination of her parental rights was in the children's best interests. A juvenile court's findings of fact will not be overturned unless they are

clearly erroneous. *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶3 Mother asserts that the juvenile court did not properly weigh the evidence. She contends that some evidence unfavorable to her, such as her two attempts on the children's lives, was given too much weight, and that other evidence favorable to her was not given enough weight. However, this court does not reweigh the evidence where there is a foundation for the juvenile court's decision. *See id.*

¶4 Evidence was presented to support the juvenile court's decision that termination was in the children's best interests. Specifically, the evidence showed that Mother would likely always be a safety risk for the children because she is able to mask her symptoms and present well even when she is off medication. Additionally, when in an unstructured environment, Mother has shown a pattern of going off of her medication. Although Mother could hide her symptoms for a time, her mental illness ultimately manifests itself in severe episodes that put herself and others at risk.

¶5 Conversely, the children's stepmother provides a stable and loving influence. Stepmother is willing to adopt the children and make the relationship they have already formed permanent and legal. Given Mother's safety risks and the availability of a stable and permanent relationship with Stepmother, the juvenile court

had sufficient evidence to find that termination of Mother's parental rights was in the children's best interests.

¶6     Affirmed.[1]

_____

1. The only issue Mother asserted in her petition was whether the evidence was sufficient to support the juvenile court's finding that termination was in the children's best interests. The arguments made were wide ranging, however, and not confined to challenging the evidence. To the extent that other issues were raised in the arguments, we find them to be without merit and do not address them further. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989).