2014 UT App 8

STATE of Utah, in the interest of K.C., L.C., and Y.C., Persons Under Eighteen Years of Age.

M.C., Appellant,

v.

State of Utah, Appellee.

No. 20130608–CA.

Court of Appeals of Utah.

Jan. 9, 2014.

Jennifer A. Clark, Attorney for Appellant.

Sean D. Reyes and John M. Peterson, Salt Lake City, Attorneys for Appellee.

Martha Pierce, Guardian ad Litem.

Before Judges GREGORY K. ORME, CAROLYN B. McHUGH, and STEPHEN L. ROTH.

Decision

PER CURIAM:

¶1 M.C. (Mother) appeals the June 24, 2013 order terminating her parental rights. We affirm.

¶2 Mother first asserts that there was insufficient evidence to support the juvenile court's determination that she is an unfit parent. Mother also asserts that the juvenile court erred in determining that she was an unfit parent given that she was not of-

fered reunification services. In order to overturn the juvenile court's decision as to the sufficiency of the evidence, "[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.,* 2007 UT 82, ¶ 12, 171 P.3d 435. The juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and from such determinations, render findings of fact. *See In re L.M.,* 2001 UT App 314, ¶¶ 10–12, 37 P.3d 1188. We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.,* 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Furthermore, we give the juvenile court a " 'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.' " *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.,* 2007 UT 82, ¶ 12, 171 P.3d 435.

■ ¶ 3 The juvenile court determined that there were multiple grounds supporting the termination of Mother's parental rights. Pursuant to Utah Code section 78A–6–507, the finding of a single ground enumerated in section 78A–6–507 is sufficient to warrant the termination of parental rights. *See* Utah Code Ann. § 78A–6–507(1) (LexisNexis 2012). As a result, if there is sufficient evidence to support any one of the grounds for termination found by the juvenile court, the termination of parental rights is appropriate if the juvenile court also determines that doing so is in the children's best interest. *See In re R.A.J.,* 1999 UT App 329, ¶ 7, 991 P.2d 1118.

■ ¶ 4 There is sufficient evidence to support the juvenile court's determination that Mother is an unfit parent. Utah Code section 78A–6–508(2)(f) provides that in determining whether a parent is unfit, the juvenile court shall consider a parent's history of violent behavior. *See id.* § 78A–6–508(2)(f). The record demonstrates that Mother has an extensive history of violent behavior. Mother continues to engage in domestic violence in the presence of the children, despite having previously participated in domestic violence therapy and anger management. Although Mother asserts that she should have been offered reunification services in this case, "[r]eunification services are a gratuity provided to parents by the Legislature, and [parties] thus have no constitutional right to receive these services." *In re N.R.,* 967 P.2d 951, 955–56 (Utah Ct.App.1998). Furthermore, there is a statutory presumption that Mother was not entitled to reunification services given that her parental rights to her other children were terminated. *See* Utah Code Ann. 78A–6–312(21)(g). Mother fails to demonstrate that the juvenile court erred by determining that she was an unfit parent, or that she was entitled to reunification services.

■ ¶ 5 Mother next asserts that there was insufficient evidence to support the juvenile court's determination that it was in the children's best interest to terminate Mother's parental rights. If the juvenile court determines that there are sufficient grounds to terminate parental rights, in order to actually do so, the court must next find that the best interests and welfare of the child are served by terminating the parent's parental rights. *See In re R.A.J.,* 1999 UT App 329, ¶ 7, 991 P.2d 1118. Furthermore, "when a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.,* 2007 UT 82, ¶ 12, 171 P.3d 435.

■ ¶ 6 In conducting the best interest analysis, the juvenile court determined that Mother was an unfit parent based upon her volatile temper and her pattern of domestic violence. The juvenile court went on to find that Mother abused and neglected the children in prior cases, and that she has been unable to correct the problems, which resulted in the children's removal. Mother exposed the children to domestic violence, and violence has been a routine part of the children's lives with Mother. The juvenile court

also noted that, while living with Mother, K.C. and L.C. struggled at school. L.C. developed behavioral problems at school and she became physically aggressive towards other children after spending time with Mother. Conversely, since K.C. and L.C. have been in their foster placement, they are thriving in school and L.C.'s behavioral problems and academics have improved. Additionally, as a result of Mother's issues, Y.C. has been forced to live with foster parents for more than half of her life. She is bonded to her foster parents and she considers the foster mother to be her mother. The children are in need of a stable home where they may obtain a sense of permanency so that they move on with their lives. The children also need a home where they are free from Mother's violence. According to the juvenile court, the children are now in a home where their needs are being met, they are loved, and their foster parents wish to adopt them. Mother fails to demonstrate that the juvenile court's determination that it is in the children's best interests to terminate Mother's parental rights is against the clear weight of the evidence.

¶7 Accordingly, the juvenile court's order is affirmed.