2014 UT App 39

**In the INTEREST OF C.L.V., a Person Under Eighteen Years of Age.**

**S.H., Appellant,**

v.

**A.S. and M.S, Appellees.**

**No. 20131037–CA.**

Court of Appeals of Utah.

Feb. 21, 2014.

Marea A. Doherty, Attorney for Appellant.

Jordan R. Van Oostendorp, Attorney for Appellees Martha Pierce, Guardian ad Litem.

Before Judges CAROLYN B. McHUGH, J. FREDERIC VOROS JR., and JOHN A. PEARCE.

Decision

PER CURIAM:

¶ 1 S.H. (Father) appeals the juvenile court's order terminating his parental rights in his son, C.L.V. (Son). We affirm.

¶ 2 A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶ 3 Father asserts that he was not properly served with documents during the course of the case against him. The juvenile court permitted the use of alternate service because of difficulties in locating Father. Although Father now disputes whether the court's order was appropriate, he has waived that issue. The record shows that Father appeared by telephone at a hearing in April 2013 and accepted alternate service through his mother's address. He told the court, "[A]ny mail sent to my mother's house, for me, I'll understand as being served." Ac-cordingly, any issue regarding the form of service has been waived.

¶ 4 Father also contends that the juvenile court erred in finding that he abandoned Son. It is prima facie evidence of abandonment that a parent fails to communicate with the child for more than six months or fails to show the normal interest of a natural parent. Utah Code Ann. § 78A–6–508(1)(b), (c) (LexisNexis 2012). The testimony at trial showed that Father had not paid any child support over the course of Son's life and had not sent cards or gifts. Father had seen Son, at most, for a couple of hours during the one trip he had made to visit him. Father had not otherwise communicated with Son and had not inquired about his well-being on the few occasions that Father called Son's mother or grandparents. The evidence established that Father failed to show normal parental interest in his son for more than three years and had not formed any relationship with him. Accordingly, the juvenile court's finding that Father had abandoned Son was supported by the evidence.

¶ 5 Father additionally asserts that the juvenile court erred in requiring a notarized statement from him confirming that he would attend the termination trial if it were continued to a later date. This issue was not raised in the juvenile court and is therefore not appropriately before this court on appeal. To preserve an issue for appeal, the issue must be raised in the juvenile court in such a way as to enable the juvenile court to address the issue. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801. In this instance, trial counsel did not object to the requirement of the notarized statement from Father and instead readily agreed to obtain the notice to assuage the juvenile court's concern that Father would be difficult to notify of any date change.[1]

¶ 6 Finally, Father argues that the juvenile court discriminated against him based on his indigence. Father asserts that traveling to Utah was a hardship and that his

---

1. Ultimately, counsel did not file such a document because Father appeared by telephone at another hearing to set the trial date and agreed to the new date. He also committed to appearing personally and was notified that the trial would move forward even if he failed to appear.

failure to visit should not have been held against him because he could not afford to visit. Indeed, Father visited only once. However, it was not only financial resources that kept him from visiting but also two lengthy periods of incarceration. Furthermore, Father failed to establish any relationship with Son through cards, letters, or telephone calls. In sum, the evidence of Father's lack of interest in Son, leading to the finding of abandonment, does not rest on Father's financial status.

¶ 7 Affirmed.