2014 UT App 118

**STATE of Utah, in the Interest of Z.M., A.M., E.M., G.M., N.M., S.M., and N.M., Persons Under Eighteen Years of Age.**

**S.M. and K.M., Appellants,**

v.

**State of Utah, Appellee.**

**No. 20140199–CA.**

Court of Appeals of Utah.

May 30, 2014.

---

Erik G. Jacobson, for Appellants.

Sean D. Reyes and John M. Peterson, for Appellee.

Martha Pierce, Guardian ad Litem.

Before Judges GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and Senior Judge PAMELA T. GREENWOOD.[1]

Decision

PER CURIAM:

¶ 1 S.M. and K.M. (Parents) appeal the juvenile court's February 21, 2013 order terminating their parental rights. We affirm.

¶ 2 Parents assert that the juvenile court erred by admitting records from the Department of Occupational and Professional Licensing (DOPL), which identified their prescription drug use. The juvenile court

**1.** The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

may consider any information that is relevant to the disposition of a child welfare case, including reliable hearsay and opinions. *See In re J.F.*, 2014 Utah App 82, ¶ 6. In reviewing the admissibility of hearsay, legal conclusions are reviewed for correctness, factual determinations are reviewed for clear error, and the ultimate question of admissibility is reviewed for an abuse of discretion. *See In re C.D.L.*, 2011 UT App 55, ¶ 29, 250 P.3d 69.

¶ 3 The juvenile court previously ordered Parents to sign a DOPL waiver so the court would have access to DOPL records bearing on their prescription drug use. At trial, the juvenile court determined that the DOPL records were admissible as rebuttal evidence under rule 901 of the Utah Rules of Evidence. Rule 901 provides that in order for the proponent to authenticate or identify an item of evidence, there must be sufficient evidence to support a finding that the item is what it purports to be. *See* Utah R. Evid. 901(a). Rule 901(b)(4) provides that distinctive characteristics may be considered in authenticating or identifying evidence when construed with other factors. *See id.* R. 901(b)(4). The juvenile court considered several distinctive markings on them, which identified the records as originating from DOPL, including DOPL's facsimile transmittal information. The juvenile court also witnessed the Parents sign DOPL releases in court and noted that the DOPL records were received in response to the submission of these releases. Under these circumstances, we cannot say that the juvenile court abused its discretion in admitting the DOPL records.

¶ 4 Parents next assert that the juvenile court erred in receiving their adjudicated criminal histories under rule 403 of the Utah Rules of Evidence. "A trial court has broad discretion to admit or exclude evidence and its determination typically will only be disturbed if it constitutes an abuse of discretion." *In re S.A.K.*, 2003 UT App 87, ¶ 9, 67 P.3d 1037. We review the trial court's decision to admit or exclude evidence under rule 403 of the Utah Rules of Evidence for an abuse of discretion. *See State v. Cooper*, 2011 UT App 412, ¶ 6, 275 P.3d 250. We will not overturn the trial court's determination as to admissibility "unless it is beyond the limits of reasonability." *Diversified Holdings, LC v. Turner*, 2002 UT 129, ¶ 6, 63 P.3d 686.

¶ 5 Rule 403 provides, in relevant part, that a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *See* Utah R. Evid. 403. Parents' criminal histories are relevant in considering the termination of their parental rights. *See In re A.C.M.*, 2009 UT 30, ¶ 25, 221 P.3d 185. The juvenile court did not abuse its discretion by allowing the admission of evidence of Parents' adjudicated criminal charges.

¶ 6 Parents also assert that the juvenile court erred by taking judicial notice of their pending criminal charges. Rule 201 provides that a court may take judicial notice of adjudicated facts. *See* Utah R. Evid. 201(a). Even assuming that the juvenile court erred by taking judicial notice of Parents' pending criminal charges, we nevertheless uphold the juvenile court's order terminating their parental rights because the inclusion of this evidence was harmless. "Harmless error is an error that is sufficiently inconsequential that there is no reasonable likelihood that it affected the outcome of the proceedings." *In re A.M.*, 2009 UT App 118, ¶ 21, 208 P.3d 1058; *see also In re J.C.*, 808 P.2d 1131, 1136 (Utah Ct. App.1991) (concluding that harmless error doctrine applied to appellant's claim that juvenile court improperly admitted hearsay evidence when other non-hearsay evidence supported the juvenile court's conclusions). Here, as identified below, the court received sufficient admissible evidence justifying its termination decision.

¶ 7 Finally, although Parents do not challenge the sufficiency of the evidence supporting the termination of their parental rights, we note that the record supports the juvenile court's decision. Pursuant to Utah Code section 78A–6–507, the finding of a single ground for the termination of parental rights enumerated in section 78A–6–507 is sufficient to warrant the termination of parental rights. *See* Utah Code Ann. § 78A–6–507(1). If there are sufficient grounds to terminate parental rights, in order to actual-

ly do so, "the court must [next] find that the best interests and welfare of the child are served by terminating the parents' parental rights." *In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. The record supports the juvenile court's determination that Parents are unfit or incompetent parents. *See* Utah Code Ann. § 78A–6–507(1)(c). The record also demonstrates that it was in the children's best interests to terminate their parental rights.

¶ 8 Affirmed.