2014 UT App 146

**STATE of Utah, IN the INTEREST OF D.W., a Person Under Eighteen Years of Age.**

**H.M., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20140297–CA.**

Court of Appeals of Utah.

June 26, 2014.

Erik G. Jacobson, for Appellant.

Sean D. Reyes and John M. Peterson, for Appellee.

Martha Pierce, Guardian ad Litem.

Before Judges GREGORY K. ORME, STEPHEN L. ROTH, and JUDITH M. BILLINGS.[1]

Decision

PER CURIAM:

¶ 1 H.M. (Mother) appeals the juvenile court's order terminating her parental rights in D.W. We affirm.

¶ 2 Mother argues that there was insufficient evidence to support the termination of her parental rights. A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶ 3 Additionally, pursuant to Utah Code section 78A–6–507, the finding of any single ground is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A–6–507(1) (LexisNexis 2012) (providing that the court may terminate parental rights if it finds any one of the grounds listed); *In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support any one of the grounds for termination found by the juvenile court, the termination of Mother's rights is appropriate.[2]

¶ 4 D.W. was removed from Mother in December 2012, after the Division of Child and Family Services (DCFS) received reports of illegal drug use by Mother and others living in the house. A service plan was developed for Mother, which included critical components of drug treatment and housing stability. Mother was in drug treatment for several months and had made substantial progress, and in fact had been recommended for a trial home placement with her children.[3]

¶ 5 In December 2013, however, Mother again tested positive for methamphetamine. As a result, the trial home placement was cancelled, which also resulted in Mother's loss of a housing voucher. By the time of trial, Mother had yet another positive methamphetamine result and was homeless. Although she was in recovery management, a late stage of drug treatment, testimony at trial indicated that Mother should have been in a more intensive level of treatment based on her recent relapses. Recovery manage-

ment was not an appropriate treatment level for Mother's then-current drug issues.

¶ 6 The evidence presented at trial that Mother was regressing in treatment and had no stable housing appropriate for D.W. specifically supports grounds for termination of parental rights under Utah Code section 78A–6–507(1)(d). Under that section, parental rights may be terminated if the juvenile court finds that the child is being cared for in an out-of-home placement supervised by DCFS, that the parent has been unable to remedy the circumstances that led the child to be in the out-of-home placement, and that "there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care in the near future." Utah Code Ann. § 78A–6–507(1)(d).

¶ 7 In this case, Mother was unable to complete drug treatment and in fact required a higher level of treatment. She was homeless at the time of trial. As a result, Mother was not able to safely parent D.W. Further, there was a substantial likelihood that Mother would not be able to properly parent in the near future because drug treatment requirements would take additional time, and there was no indication that Mother had stable housing available. D.W. was in an out-of-home placement under DCFS supervision. The evidence was sufficient to support the juvenile court's finding that termination was warranted under Utah Code section 78A–6–507(1)(d). Because finding any single ground is sufficient to terminate parental rights, we do not address Mother's challenges to the other grounds for termination found by the juvenile court.

¶ 8 Affirmed.

---

**2.** Termination is appropriate if any single ground is supported and if the juvenile court also finds that termination is in the child's best interest. Utah Code Ann. § 78A–6–503(12) (LexisNexis). In this case, the juvenile court found that termination was in the child's best interest. Mother has not challenged the juvenile court's finding regarding best interest, instead limiting the ap-

peal to a challenge of the grounds for termination.

**3.** Mother had three children removed in 2012. Only D.W. is the subject of this termination proceeding and appeal.