**2014 UT App 225**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF M.D., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

C.L.D.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140336-CA
Filed September 25, 2014

Fifth District Juvenile Court, Cedar City Department
The Honorable Thomas M. Higbee
No. 1073402

James M. Park and Matthew D. Carling,
Attorneys for Appellant

Sean D. Reyes and John M. Peterson,
Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JOHN A. PEARCE.

PER CURIAM:

¶1     C.D. (Father) appeals the termination of his parental rights
in M.D. We affirm.

¶2     Father argues that the juvenile court erred in finding that the
termination of his parental rights was in M.D.'s best interest. A

juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶3    Father asserts that termination was not in M.D.'s best interest because there was not an adoptive placement available for him at the time of the termination trial. Additionally, Father contends that he has stabilized his situation and that his fiancée (Fiancée) is available to raise M.D. The juvenile court considered these facts, however, and found that M.D.'s best interest remained becoming free for adoption. The lack of an adoptive placement at the time of a termination of parental rights trial does not preclude a determination that termination is in a child's best interest. *In re J.D.*, 2011 UT App 184, ¶ 23, 257 P.3d 1062. The best interest analysis "includes consideration of the impact of termination on the child." *Id.* ¶ 12. Also, evidence of unfitness "may be probative of both factors of the termination analysis." *Id.*

¶4    Father does not challenge the juvenile court's finding that he is an unfit parent. In this instance, he is highly likely to remain unfit because of his cognitive limitations and lack of understanding of M.D.'s needs. As a result, the possibility of placing M.D. back with Father depends on the stability of his relationship with Fiancée, which has not been established.[1] In addition, during visits with M.D., it did not appear that M.D. was strongly bonded with Father. Rather, M.D. was agitated prior to visits and often resisted them,

---

1. Although Father states that he intends to marry Fiancée, he had not initiated divorce proceedings against his wife at the time of trial.

and his conduct after visits deteriorated. Thus, it appears that the severance of the relationship would not have a negative impact on M.D. and would be in his best interest. After thoughtful consideration of the unique circumstances of this case, including the likelihood that M.D. would require extended care and treatment before being available for adoption, the juvenile court found that termination was in the child's best interest because adoption was still the best and most likely outcome. The juvenile court's finding is supported by the evidence.

¶5    Father also asserts that the juvenile court erred in finding that the Division of Child and Family Services (DCFS) "made reasonable efforts to provide [court ordered reunification] services" to Father. Utah Code Ann. § 78A-6-507(3)(a) (LexisNexis 2012). The juvenile court "has broad discretion in determining whether DCFS ha[s] made reasonable efforts at reunification." *In re A.C.*, 2004 UT App 255, ¶ 12, 97 P.3d 706. "DCFS would comply with its statutory obligation to make reasonable efforts toward reunification if it makes a fair and serious attempt to reunify a parent with a child prior to seeking to terminate parental rights." *Id.* ¶ 14.

¶6    Reunification services were provided to Father at the beginning of these proceedings. The service plan included components of parenting classes, mental health evaluation, and medication management. Although Father completed a parenting class, he did not internalize the lessons. He resisted managing his medications and displayed drug-seeking behavior until late in the proceedings. Also, he did not obtain a mental health assessment until it was too late to address any issue raised before termination proceedings. The juvenile court noted that Father was inattentive to services and "dabbled" in but did not complete services offered. This was in spite of almost weekly meetings with DCFS caseworkers to discuss requirements and provide direction. Services for Father were terminated after he made threats against DCFS workers. Given Father's belligerence to caseworkers and his general lack of effort or interest in the services offered, the juvenile court did not abuse its discretion in determining that DCFS had made reasonable efforts to provide reunification services to Father.

¶7 Father argues that DCFS did not make reasonable efforts given his cognitive limitations. However, Father's own argument indicates that he requires supervision to be an appropriate parent. On his own, he lacks the ability to properly care for M.D., particularly with M.D.'s special needs. Accordingly, the juvenile court did not err in considering Father's cognitive limitations as evidence of unfitness rather than as a rationale for additional services. *See* Utah Code Ann. § 78A-6-508(2)(a) (LexisNexis 2012).

¶8 Affirmed.[2]

---

2. Father also asserts that the juvenile court erred in ending his visits with M.D. prior to the termination trial. With the affirmance of the termination of Father's parental rights, this issue is moot.