**2014 UT App 276**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF R.A., A.A. AND S.A., PERSONS
UNDER EIGHTEEN YEARS OF AGE.

C.A.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140862-CA
Filed November 20, 2014

Fourth District Juvenile Court, American Fork Department
The Honorable Suchada P. Bazzelle
No. 1076772

Eric G. Jacobson, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES GREGORY K. ORME, JAMES Z. DAVIS, AND
J. FREDERIC VOROS JR.

PER CURIAM:

¶1      C.A. (Mother) appeals the termination of her parental rights.
We affirm.

¶2      "[I]n order to overturn the juvenile court's decision [to
terminate a person's parental rights,] 'the result must be against the
clear weight of the evidence or leave the appellate court with a firm

and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Additionally, a juvenile court has broad discretion regarding judgments based on the juvenile court's specialized experience and training, as well as its ability to judge credibility firsthand. *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3      Mother asserts that there was insufficient evidence for the juvenile court to determine that grounds existed to justify termination of her parental rights. The juvenile court found several grounds to support termination of Mother's parental rights.[1] The evidence in the record supports the juvenile court's determination that Mother is unfit. *See* Utah Code Ann. § 78A-6-507(1)(c) (LexisNexis 2012). Mother's abuse of prescription medications and her inability or refusal to attempt to remedy her addictions and other parenting deficiencies have rendered her unable to care for her children. *See id.* § 78A-6-508(2)(c) (stating that habitual use of controlled substances that render a parent unable to care for her children is evidence of unfitness).

¶4      After the children were removed, reunification services were provided to Mother in order to address her addiction and

---

1. Pursuant to Utah Code section 78A-6-507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012); *In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790. As a result, if there is sufficient evidence to support any of the grounds for termination found by the juvenile court, the termination of Mother's rights is appropriate.

parenting issues; however, Mother failed to take advantage of those services and, in so doing, failed to demonstrate that she was capable of caring for her children. Mother was required to address her addiction issues by completing substance abuse treatment. However, Mother was unsuccessfully discharged from multiple substance abuse facilities, and in at least one case, the primary reason for her dismissal from the program was her failure to internalize parenting advice that was continually communicated to her. Mother also failed to complete domestic violence counseling, attending only one of twenty-seven classes. Evidence also demonstrated that despite receiving extensive assistance to assist Mother in her parenting skills, she failed to internalize the information provided. Further, as of the date of trial Mother had no ability to support herself and had no stable housing. The combined effect of this evidence demonstrates that Mother is currently unfit to parent her children and is not likely to be in a position to adequately care for her children for a substantial period of time. Accordingly, because a foundation for the juvenile court's decision exists in the evidence, we affirm.[2] *See In re B.R.*, 2007 UT 82, ¶ 12.

¶5     Affirmed.

--------

2. Before a court may terminate the parental rights of an individual, the court must find not only that there are grounds to support the termination, but also that it is in the child's best interest. *See In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. Mother does not contest the juvenile court's findings concerning the best interests of the children; accordingly, we do not address the issue.