2015 UT App 5

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF M.A., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

G.A.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140808-CA
Filed January 2, 2015

First District Juvenile Court, Logan Department
The Honorable Larry E. Jones
No. 1081016

Bryan P. Galloway, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES GREGORY K. ORME, JAMES Z. DAVIS, AND
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1     G.A. (Father) appeals the order terminating his parental
rights to M.A. We affirm.

¶2     "[I]n order to overturn the juvenile court's decision, the
result must be against the clear weight of the evidence or leave the
appellate court with a firm and definite conviction that a mistake
has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation

and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3      Father asserts that the juvenile court erred by finding that he abandoned his child and that reasonable efforts were made to reunite him with his child. The juvenile court found multiple grounds supporting the termination of Father's parental rights. Pursuant to Utah Code section 78A-6-507, the finding of a single enumerated ground will support the termination of parental rights. *See* Utah Code Ann. § 78A-6-507 (LexisNexis 2012). Therefore, it is sufficient if the evidence supports any of the grounds for termination found by the juvenile court. The juvenile court found that Father abandoned his child by failing to show the normal interest of a natural parent, without just cause. *See id.* § 78A-6-507(1)(c).

¶4      The record supports the juvenile court's determination that Father abandoned his child. Utah Code section 78A-6-307(2) provides that when placing a child in the custody of another natural parent, with whom the child was not residing, the juvenile court shall make a specific finding regarding the fitness of the parent and ensure the safety and appropriateness of the placement. *See id.* § 78A-6-307(2)(d). In order to do so, the Division of Child and Family Services (Division) must visit the parent's home, comply with the criminal background check described in Section 78A-6-308, and check the Division's management information system for any previous reports of abuse or neglect. *See id.*

¶5      Father refused to permit DCFS access to his home. The juvenile court determined that Father's ongoing refusal to permit

compliance with the requirements set forth in Section 78A-6-307(2) precluded the court from making any placement with Father. The juvenile court also found that Father missed nearly half of his possible visits with his child, and that his unwillingness to comply with the statutory requirements was unreasonable and prevented the establishment of a stable and meaningful parent-child relationship. The juvenile court also determined that Father's refusal to participate in any service plan during the case, and his history of domestic violence, made it impossible to return the child to his care. Father fails to demonstrate that the juvenile court erred by determining that Father abandoned his child by failing to show the normal interest of a natural parent, without just cause.

¶6      Father next asserts that the juvenile court erred by determining that reasonable efforts were made to reunite him with his child. However, in cases of abandonment, the juvenile court is not required to find that the Division provided reasonable efforts to reunite a parent with his or her child before terminating parental rights. *See* Utah Code Ann. § 78A-6-507(3)(a). Although a finding of reasonable efforts to reunite Father with his child was not required to terminate Father's parental rights, the juvenile court determined that Father declined to participate in services and that the Division made reasonable efforts given the circumstances of this case. Father fails to demonstrate that the juvenile court erred by terminating his parental rights based upon his assertion that reasonable efforts were not made to reunite him with his child.

¶7      Father next asserts that there was insufficient evidence to support the juvenile court's determination that it was in his child's best interest to terminate Father's parental rights. If the juvenile court determines that there are sufficient grounds to terminate parental rights, in order to actually do so, the court must next find that the best interest and welfare of the child are served by terminating the parent's parental rights. *See In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. Furthermore, "when a foundation for the [juvenile] court's decision exists in the evidence, an appellate

court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶8     In conducting the best interest analysis, the juvenile court first determined that Father abandoned his child by failing to show the normal interest of a natural parent, without just cause. The juvenile court determined that Father's refusal to comply with the minimum statutory requirements set forth in section 78A-6-307 was unreasonable and prevented the establishment of a stable and meaningful parent-child relationship.

¶9     At the same time, M.A. is attached to his foster family. He looks to his foster mother for his primary support. M.A. has developed a bond of love and affection for the foster parents, and his foster family loves him and wishes to adopt him. The foster family provides the love, affection, and stability of a permanent family. Thus, Father fails to demonstrate that the juvenile court's determination that it is in the child's best interest to terminate Father's parental rights is against the clear weight of the evidence. Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order terminating Father's parental rights. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

————————