**2015 UT App 21**

## THE UTAH COURT OF APPEALS

IN THE INTEREST OF L.B., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

L.B.,
Appellant,
*v.*
B.Z. AND J.Z.,
Appellees.

Per Curiam Decision
No. 20140868-CA
Filed January 29, 2015

Third District Juvenile Court, Salt Lake Department
The Honorable Elizabeth A. Lindsley
No. 1089165

Judith L.C. Ledkins, Attorney for Appellant

D. Miles Holman and Ryan Clark, Attorneys
for Appellees

Martha Pierce, Guardian ad Litem

Before JUDGES JAMES Z. DAVIS, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1     L.B. (Father) appeals the order terminating his parental
rights to L.B. We affirm.

¶2     "[I]n order to overturn the juvenile court's decision, the
result must be against the clear weight of the evidence or leave the
appellate court with a firm and definite conviction that a mistake
has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation
and internal quotation marks omitted). We "review the juvenile

court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3      Father asserts that the juvenile court erred by finding that he abandoned his child. Pursuant to Utah Code section 78A-6-507, the finding of a single enumerated ground will support the termination of parental rights. *See* Utah Code Ann. § 78A-6-507 (LexisNexis 2012). Therefore, it is sufficient if the evidence supports any of the grounds for termination found by the juvenile court. The juvenile court determined that Father abandoned his child by failing to show the normal interest of a natural parent, without just cause. *See id.* § 78A-6-507(1)(c). The record supports the juvenile court's finding that Father abandoned his child. In determining whether a parent has abandoned a child, it is prima facie evidence of abandonment that the parent "failed to have shown the normal interest of a natural parent, without just cause." *Id.* § 78A-6-508(1)(c). The record supports the juvenile court's determination that after 2011, Father made minimal attempts to contact Child by calling or texting Child's mother, and that he failed to visit Child or have any meaningful contact with her, which constituted one third of Child's life. Father fails to demonstrate that the juvenile court erred by finding that he abandoned his child under section 78A-6-507(1)(a).

¶4      Father next asserts that there was insufficient evidence to support the juvenile court's determination that it was in his child's best interest to terminate Father's parental rights. If the juvenile court determines that there are sufficient grounds to terminate parental rights, in order to actually do so, the court must next find that the best interest and welfare of the child are served by terminating the parent's parental rights. *See In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118.

¶5 In conducting the best interest analysis, the juvenile court first determined that Father abandoned his child by failing to show the normal interest of a natural parent, without just cause. The juvenile court also found that Father failed to make his child a priority in his life. Alternatively, Child has a positive and loving relationship with J.Z., who is the child's stepfather. J.Z. has assumed the role of Child's father and he makes Child a priority in his life. J.Z. desires to adopt the child, and he is committed to ensuring that all of Child's physical, emotional, and educational needs are met. Father fails to demonstrate that the juvenile court erred by determining that it was in child's best interest to terminate his parental rights.

¶6 Finally, Father asserts that the juvenile court erred in allowing the use of his telephone records during cross-examination after the court determined that the records were inadmissible as business records. Even were we to assume that the juvenile court erred by allowing the use of the telephone records, we nevertheless uphold the juvenile court's order terminating Father's parental rights because the use of the telephone records during cross examination was harmless. "Harmless error is an error that is sufficiently inconsequential that there is no reasonable likelihood that it affected the outcome of the proceedings." *In re A.M.*, 2009 UT App 118, ¶ 21, 208 P.3d 1058; *see also In re J.C.*, 808 P.2d 1131, 1136 (Utah Ct. App. 1991)(concluding that harmless error doctrine applied to appellant's claim that juvenile court improperly admitted hearsay evidence when other non-hearsay evidence supported the juvenile court's conclusions). In this case, there was sufficient, non-hearsay evidence from other sources supporting the juvenile court's determination that Father failed to show the normal interest of a natural parent without just cause. Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order terminating Father's parental rights. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

———————