**2015 UT App 26**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF J.P., D.P., AND F.P.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

M.M.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20141059-CA
Filed February 5, 2015

Third District Juvenile Court, Salt Lake Department
The Honorable Kimberly K. Hornak
No. 1067506

David C. Cundick, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES JAMES Z. DAVIS, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1      M.M. (Mother) appeals the order terminating her parental rights to J.P., D.P., and F.P. We affirm.

¶2      "[I]n order to overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake

has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3     Mother asserts that the juvenile court erred by determining that she was an unfit or incompetent parent. Mother also asserts that she should have been offered additional time to pursue treatment. In addition to the alternative grounds supporting the termination of Mother's parental rights, the juvenile court determined that Mother is an unfit or incompetent parent pursuant to Utah Code section 78A-6-507(1)(c). *See* Utah Code Ann. § 78A-6-507(1)(c) (LexisNexis 2013). A determination that a parent is unfit or incompetent may be supported by evidence that a parent's habitual or excessive use of controlled substances or dangerous drugs renders the parent unable to care for the child. *See id.* § 78A-6-508(2)(c). The record supports the determination that Mother is an unfit or incompetent parent based upon her habitual use of illegal drugs, which has prevented her from being a proper parent. *See id.* Mother fails to demonstrate that the juvenile court erred by determining that she is an unfit or incompetent parent.

¶4     Mother next asserts that she was not provided with an adequate opportunity to complete services. "Reunification services are a gratuity provided to parents by the Legislature, and [parties] thus have no constitutional right to receive these services." *In re N.R.*, 967 P.2d 951, 955-56 (Utah Ct. App. 1998). The juvenile court held a dispositional hearing on June 5, 2014, in order to determine whether to provide Mother with reunification services. However, Mother failed to appear for, or otherwise participate in, the hearing. Mother's failure to attend the dispositional hearing resulted in the juvenile court declining to offer Mother

reunification services. At trial, Mother requested that the juvenile court stay the termination proceeding in order to permit her additional time to pursue treatment. The juvenile court found that although services were not ordered in this case, the Division had discussed a treatment plan with Mother, and that she was fully aware of the treatment plan. However, Mother failed to comply with the Division's treatment recommendations. Mother fails to demonstrate that the juvenile court erred by declining to stay the termination of her parental rights so that she could have additional time to seek treatment.

¶5      If the juvenile court determines that there are sufficient grounds to terminate parental rights, in order to actually do so, the court must next find that the best interest and welfare of the child are served by terminating the parent's parental rights. *See In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. Although Mother does not challenge the juvenile court's determination that it was in the children's best interests to terminate her parental rights, we note that the record supports such determination. Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order terminating Mother's parental rights. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

————