**2015 UT App 110**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF A.C.M., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

S.C.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150127-CA
Filed April 30, 2015

Third District Juvenile Court, Salt Lake Department
The Honorable Charles D. Behrens
No. 1097546

Jordan Putnam, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH,
and JOHN A. PEARCE.

PER CURIAM:

¶1      S.C. (Mother) appeals the termination of her parental rights in her infant daughter, A.C.M. We affirm.

¶2      A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile

court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶3 Mother first asserts that the evidence was insufficient to support the juvenile court's finding of grounds for termination of her parental rights. The juvenile court found multiple grounds for termination under Utah Code section 78A-6-507. A finding of any single ground is sufficient to support termination of parental rights. Utah Code Ann. § 78A-6-507(1) (LexisNexis Supp. 2014) (providing that the juvenile court may terminate parental rights "if the court finds any one of the [enumerated]" grounds for termination). Here, there was sufficient evidence to support the juvenile court's finding of grounds for termination.

¶4 The evidence established that Mother had used methamphetamine regularly during her pregnancy. A.C.M. was born with methamphetamine in her system and experienced withdrawal symptoms in her first days. A.C.M. was removed from Mother at birth due to the exposure to drugs. Mother also continued to use drugs during the course of this case, often testing positive until she stopped participating in drug testing entirely. Although inpatient treatment was recommended, Mother did not enter treatment. At trial, Mother minimized her drug use and testified that she was not interested in getting treatment. The evidence of her longtime and continued use of drugs supported the juvenile court's finding that she was an unfit parent and that she had failed to remedy the circumstances leading to A.C.M.'s removal. *See id.* § 78A-6-507(1)(c), (d).

¶5 Mother also asserts that there was insufficient evidence to support the juvenile court's finding that termination of her parental rights was in A.C.M.'s best interests. Evidence of

unfitness may be probative of the best interests of a child in addition to the grounds for termination. *In re J.D.*, 2011 UT App 184, ¶ 12, 257 P.3d 1062. The best interests analysis also includes consideration of the impact of the termination on the child. *Id.* The evidence here was sufficient to support the juvenile court's finding that termination of Mother's parental rights was in A.C.M.'s best interests.

¶6     As noted, Mother's drug use was ongoing, making it unsafe for A.C.M. to be with Mother. Also, because A.C.M. was removed from Mother at birth due to the drug use, Mother has not formed a substantial parent—child relationship with A.C.M. Mother has never had custody of A.C.M. Her contact has been limited primarily to weekly visitation. A.C.M. knows Mother but not as a primary caretaker.

¶7     On the other hand, A.C.M. has been in a stable foster home for most of her life and is integrated into that family. The family has provided for her physical and emotional needs. The foster parents would adopt A.C.M. if she became available for adoption. Accordingly, the impact of termination of Mother's parental rights on A.C.M. would be to free her legally to become a permanent member of the family she knows.

¶8     Finally, Mother asserts that the evidence was insufficient to support the juvenile court's finding that the Division of Child and Family Services (DCFS) provided reasonable reunification services to Mother. The juvenile court has broad discretion in determining whether DCFS has made reasonable efforts at reunification. *In re A.C.*, 2004 UT App 255, ¶ 12, 97 P.3d 706. "DCFS [complies] with its statutory obligation to make reasonable efforts toward reunification if it makes a fair and serious attempt to reunify a parent with a child." *Id.* ¶ 14. One of the considerations in determining whether reasonable efforts were made is whether the services offered were properly tailored to remedy the specific problems that led to the child's removal. *Id.* ¶ 12. Although DCFS offers services and may make

efforts to support parents in performing a service plan, it is ultimately a parent's responsibility to ensure the completion of a service plan. *Id.* ¶ 17.

¶9    Mother was provided a service plan that included submitting to drug testing, obtaining a drug assessment, and participating in drug treatment if recommended. DCFS assisted in getting funding so Mother could get the recommended residential drug treatment. The case worker regularly communicated with Mother to answer questions and remind her of plan requirements. The service plan appeared tailored to address Mother's drug issues, and resources were provided to Mother for her benefit if she chose to use them. The juvenile court also extended services to give Mother another chance to participate in treatment during the case. Mother did not take advantage of the services, however, and did not complete any part of her service plan. The juvenile court did not err in finding that DCFS made reasonable efforts to provide Mother with reunification services.

¶10    In sum, the evidence was sufficient to support the juvenile court's termination of Mother's parental rights. Affirmed.

―――――――