**2016 UT App 5**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF K.C.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

D.C.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150728-CA
Filed January 14, 2016

Third District Juvenile Court, West Jordan Department
The Honorable Tupakk A.G. Renteria
No. 1075966

Jason A. Pietryga, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES GREGORY K. ORME and J. FREDERIC VOROS JR., and
JUSTICE JOHN A. PEARCE.[1]

PER CURIAM:

¶1      D.C. (Father) appeals the order terminating his parental rights to K.C. We affirm.

---

1. Justice John A. Pearce sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 3-108(3).

¶2     "[I]n order to overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id*. Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.,* 2007 UT 82, ¶ 12.

¶3     The juvenile court found multiple grounds supporting the termination of Father's parental rights. Pursuant to Utah Code section 78A-6-507, the finding of a single enumerated ground will support the termination of parental rights. *See* Utah Code Ann. § 78A-6-507 (LexisNexis 2012). On appeal, Father does not challenge the juvenile court's determination that he abandoned and neglected his child, or that he was an unfit parent as defined by Utah Code section 78A-5-507(1). *See* Utah Code Ann. § 78A-6-507(1). Instead, Father limits his appeal to challenging the juvenile court's determination that it was in the child's best interest to terminate his parental rights.

¶4     If the juvenile court determines that there are sufficient grounds to terminate parental rights, in order to actually do so, the court must next find that the best interest and welfare of the child are served by terminating the parent's parental rights. *See In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. In conducting the best interest analysis, the juvenile court determined that Father has an extensive criminal history, and he has been incarcerated for the duration of K.C.'s life. Father's incarceration rendered him unable to participate in reunification services with K.C. The juvenile court also determined that Father's extensive

criminal actions implied a conscious disregard of the obligations owed by a parent to a child, leading to the destruction of the parent child relationship. Furthermore, Father failed to provide emotional support, care, or love to K.C. during the entirety of K.C.'s life.

¶5 Conversely, K.C. has been living with his maternal grandfather and his wife (Grandparents). K.C. initially lived with Grandparents when he was only two weeks old. After K.C. was removed from his mother's custody the first time, he went to live with Grandparents again. K.C. was then transitioned to his mother's care while she was in the House of Hope. After the second removal, K.C. returned to live with Grandparents. Since living with Grandparents, K.C.'s behavioral problems have improved, and he has become more affectionate. Grandparents wish to adopt K.C. so that they may continue to provide him with the support, love, and stability that they have provided to K.C. throughout his life.

¶6 Father fails to demonstrate that the juvenile court's determination that it is in K.C.'s best interest to terminate Father's parental rights is against the clear weight of the evidence. Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order terminating Father's parental rights. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

———————